JAMES C. CURTIS & COMPANY *v.* EMMERLING ET AL.

[No. 27,490. Filed January 20, 1941. Rehearing denied February 24, 1941.]

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Frederick C. Crumpacker, Jr.,* all of Hammond, for appellant.

*Bomberger, Peters & Morthland* and *Galvin, Galvin & Leeney,* all of Hammond, for appellees.

SHAKE, J.—The record in this appeal was filed in the office of the clerk and an order of submission entered on September 16, 1939. On October 14th, the appellant filed nine printed copies of its brief, and on October 27th, it presented proof showing that on October 25th, it had served a copy of its brief on the appellees. There is a motion to dismiss the appeal for the reason that no

proof showing service of a copy of the appellant's brief was made when its brief was filed or within the time allowed for filing the same.

The rules of this court applicable to the case are those adopted June 21, 1937. Rule 16 allowed an appellant 30 days after submission in which to file his brief, and Rule 20 provided that:

> "Not less than nine copies of each brief, two of which, if typewritten, shall be ribbon copies, shall be filed with the clerk together with proof of service of a ribbon copy upon opposing party or counsel."

It is conceded by the appellant that Rule 16 is mandatory and jurisdictional, but contended that, that part of Rule 20 quoted above is merely directory, and that, in any event, it only requires a copy to be served upon the opposing party when the brief is typewritten. In their brief resisting dismissal, counsel for appellant says:

> "In the case at bar there was no reason why appellant's attorneys could not have served opposing counsel with a copy of the printed brief. We did not do so because upon a reading of Rule 16 we did not think it was necessary. . . . When our attention was called to the situation copies of the brief were served on appellees."

If counsel's present position is correct, there was no necessity for serving appellees with a copy of the appellant's brief after the situation was called to their attention.

The language of Rule 20 is awkward, and it has been corrected by Rule 2-19, 1940 Revision, but we are of the opinion that it cannot have the interpretation suggested by the appellant. In construing the rule, we must take into account the former practice in respect to matters with which it deals and what was apparently intended to be accomplished by its

adoption. Prior to the promulgation of the rules of 1937, an appellee's time for filing his brief began to run from the date of submission and was not affected by the fact that the appellant might file his brief short of the time allowed him. (Rule 19, 1933.) In an effort to expedite the consideration and disposition of appeals, the time for filing briefs was materially shortened as to all parties by the rules of 1937, and it was specifically provided that the appellee's time should begin to run from the filing of the appellant's brief. (Rule 16, 1937.) To make the latter feature of the rule effective, it was directed in Rule 20, 1937, that "not less than nine copies of each brief, two of which, if typewritten, shall be ribbon copies, shall be filed with the clerk together with proof of service of a ribbon copy upon opposing party or counsel."

In view of the situation pointed out above, it seems necessary to hold that under Rule 20, 1937, the appellant is required to serve a copy of his brief on the appellee within the time allowed, whether such brief is printed or typewritten. If it were otherwise, appellant might accomplish a delay in the consideration of an appeal, not contemplated by the rules, by the simple device of filing his brief in time and then withholding service of a copy upon his opponent, since it would be unreasonable to hold that an appellee's time might run against him without his knowledge.

The rules of this court have the force of statutes and are binding alike on the parties and the court. We cannot ignore a violation of a rule so essential to the orderly administration of justice as the one with which we are here concerned.

The appeal is dismissed.

NOTE.—Reported in 31 N. E. (2d) 57.

ON PETITION FOR REHEARING.

SHAKE, J.—This court has been asked to reconsider the order of dismissal heretofore entered in this cause. One of the reasons assigned in support of the petition for rehearing is that we failed to make any reference to the opinion of the Appellate Court filed in this cause on March 27, 1940. The appeal was originally to the Appellate Court. That tribunal entered an order of dismissal on other grounds. (25 N. E. [2d] 1008.) Thereafter, a petition for rehearing was granted, and the cause transferred here under § 4-209, Burns' 1933, § 1364, Baldwin's 1934, four judges failing to agree. On this state of the record, the opinion of the Appellate Court was nullified and we would not be authorized to examine it for errors.

Throughout this appeal the attorneys for appellant have consistently maintained that they were not required to serve the opposing party or counsel with a copy of appellant's brief, because said brief was printed as distinguished from typewritten. Affidavits have been presented by both parties, calculated to establish the existence or the non-existence of a custom in the community where attorneys herein practice, respecting the service of copies of briefs. In view of the mandatory character of Rule 20, 1937, as we have interpreted it, this court could not be bound by any local custom, if one existed. In that connection, we do not deem it impertinent to remind attorneys for the appellant that the records of this court disclose that on July 18, 1939, they filed in this court a printed brief in a term time appeal accompanied by proof of service of a copy on counsel for the appellee therein. (See record in *Roth* v. *Local Union No. 1460 of Retail Clerks Union*, No. 27254.) This circumstance is highly persuasive that attorneys for appellant were not un-

familiar with the proper construction of Rule 20, and that they were not misled by local custom.

Rehearing denied.

NOTE.—Reported in 31 N. E. (2d) 986.