ROSEN *v*. ALEXANDER ET AL.

[No. 18,166. Filed April 12, 1951. Appellee's Petition for Rehearing denied May 4, 1951. Appellant's Petition for Rehearing dismissed May 9, 1951.]

*Rubin & Rubin;* and *C. C. McGuire* (of counsel), both of Gary, for appellant.

*Anderson, Hicks & Anderson,* of Gary, for appellee Alfred D. Alexander.

*C. C. McGuire,* of Gary, for other appellees.

ROYSE, J.—Appellant in his brief represents this action was originally commenced by appellee Alexander as a Proceedings Supplementary against the other appellees. That appellant was granted permission to intervene as a party defendant.

Appellee Alexander in his answer brief asserts this is not true. He says certain of the appellees commenced this action by filing a petition in the trial court asking that court to recall and release an execution and fee bill which had been issued by the court. In his brief he sets out what purports to be a notice of the filing of said petition, the petition, and the order of the trial court to show cause why said petition should not be granted. He points out neither this notice, petition, nor order of the court thereon are contained in the transcript or brief of appellant filed in this court. He further says the pleading he denominated "Proceedings Supplementary to Execution And Application For Order" was filed as an answer to the petition of the appellees. Appellee Alexander's so-called verified Proceedings Supplementary in the transcript of this case indicates this is true. After this was filed appellant was granted permission to intervene, and filed an answer to appellee Alexander's petition.

The plea of appellee Alexander sets up a sordid state of facts which, if true, shows a fraudulent attempt on the part of appellant and the appellees W. Barber Smith, Jr., W. Barber Smith, Jr., Trustee, The Leader Realty & Investment Co., Inc., and Chester C. McGuire, to circumvent and evade the judgment of the trial court against said appellees and in favor of appellee Alexander. These last mentioned appellees are represented in this court by C. C. McGuire. They have filed here a confession of errors. They have also assigned cross-errors.

Rule 2-17 (b) and (d) of the Rules of the Supreme Court requires that the brief of appellant must show what the issues were and state the record accurately and impartially. Appellant has wholly failed to comply with this rule. Therefore, his appeal presents no question. Likewise this is true as to the cross-errors assigned by the above mentioned appellees.

In conclusion we feel we would be remiss in our duty if we did not call the shocking practices which have apparently been resorted to by the parties and their attorneys in this case to the attention of the Attorney General who is authorized under the Rules of the Supreme Court to institute disciplinary action against attorneys when the facts justify such action. The Clerk of this Court is hereby directed to deliver a certified copy of this opinion to the Attorney General of Indiana.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 223.