KELLY v. RIHM ET AL.

[No. 18,175. Filed April 21, 1952. Rehearing denied June 20, 1952.]

*Joseph S. Pittman,* of Dunkirk, and *Oliver D. Wheatley,* of Tipton, for appellant.

*Newby & Newby,* of Knightstown, *John D. Wilson,* of Winchester, and *Owen S. Boling,* of Indianapolis, for appellees.

CRUMPACKER, J.—Appellant assigns as error: (1) the sustaining of demurrers filed by appellees to his

complaint and to various paragraphs thereof; (2) the sustaining of appellees' motion to require appellant to answer certain interrogatories, and ordering appellant to answer them; (3) the sustaining of appellees' motion to strike out appellant's complaint and second amended complaint; (4) the overruling of appellant's motion to strike out all pleadings subsequent to a certain date; (5) the overruling of appellant's motion to permit appellant to withdraw his answers to interrogatories; and (6) in rendering judgment for appellees.

Appellant has set forth in his brief neither his original nor amended complaints or any of the paragraphs thereof, or other pleadings. Neither has he set forth any of appellees' demurrers, or the motions upon which he seeks to predicate error, or the interrogatories and their answers. Neither does he set forth the substance of these. To decide this case upon the merits, we would be required to search the transcript.

The Rules of the Supreme Court concerning practice and procedure were adopted for the purpose of insuring a clear and unequivocal presentation of questions and the expedition of cases upon their merits. *Messersmith* v. *State* (1940), 217 Ind. 132, 26 N. E. 2d 908.

Rule 2-17, requires that appellant's brief contain a concise statement of so much of the record as fully presents every error and objection relied upon, and further provides that errors assigned and not treated as therein directed shall be deemed to be waived. Appellant's brief does not comply with this Rule.

Notwithstanding the liberality of the courts in allowing the amendment of briefs under Rule 2-20, several

months have elapsed since the attention of appellant was called to the particular defects in his brief by appellees' motion to dismiss, and appellant has not seen fit to ask leave to amend. Under these circumstances, appellant is not entitled to the advantage of what is commonly referred to as the "good faith attempt" rule. *Mullahy* v. *City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563.

Appellant's brief presents no question for our decision. Appellees are of the opinion that the appeal should be dismissed, and in the past many appeals have been dismissed for this reason. The defects here do not go to the jurisdiction of this court, and in our opinion, the appeal should not be dismissed, but the judgment of the trial court should be affirmed, as was done in *Lake Motor Freight Line* v. *N. Y. C. R. Co.* (1950), 228 Ind. 371, 92 N. E. 2d 221; *Williams* v. *Utilities Engineering Institute* (1946), 116 Ind. App. 452, 64 N. E. 2d 302, and *Rosen* v. *Alexander* (1951), 121 Ind. App. 239, 98 N. E. 2d 223.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 2d 181.