BOARD OF COMMISSIONERS OF THE COUNTY OF PULASKI, ET AL. *v.* STATE OF INDIANA

[No. 18,298. Filed May 23, 1952. Petition for rehearing denied June 14, 1952. Transfer denied November 12, 1952.]

*Harold R. Staffeldt* and *James R. White*, both of Winamac, for appellants.

*J. Emmett McManamon*, Attorney General; *Fred A. Wiecking, Obed T. Kilgore* and *Nicholas W. Sufana*, Deputy Attorneys General, for appellee.

BOWEN, C. J.—This is an appeal from a judgment in an action to quiet title and for an injunction brought by the State of Indiana against the appellants and others. Errors assigned for reversal by appellants are that the decree was not sustained by sufficient evidence and that the decision of the court was contrary to law. Appellants' brief asserts that appellants' motion for a new trial based upon these points was overruled.

The appellants have not set forth in their briefs filed herein either the complaint or the various pleadings filed in this cause, nor are such pleadings set forth in substance so as to present an understanding of the questions presented. The appellants contend in their response to a motion to dismiss this appeal filed by appellee herein, that on page one of appellants' brief these pleadings are set forth in substance.

If this court would indulge the greatest liberality, it could not hold that the substance of such pleadings so as to present an understanding of the questions presented has been set forth in the appellants' brief. The reference to the complaint on page one of appellants' brief is simply, that "the issues were formed by the complaint alleging title in the plaintiff and an adverse interest claimed by appellant." The substance of the allegations as to the nature of plaintiff's title or the adverse interest claimed by appellants is not shown, nor have the substance of the pleadings necessary to a full understanding of the questions presented been set forth in appellants' brief. Appellants'

brief does not contain a condensed recital of the evidence or even so much of evidence in narrative form to present an understanding of the questions presented in this appeal.

Rule 2-17 of the Rules of the Supreme Court requires that appellants' brief shall contain a concise statement of so much of the record as fully presents every error and objection relied upon, and further provides that errors assigned and not treated as therein directed shall be deemed to be waived. Appellants' brief does not comply with this rule, nor have appellants made any attempts to have such brief amended.

We are forced to hold that appellants' brief presented no question for the determination of this court. The appellee has filed a motion to dismiss this appeal, but the defects in appellants' brief which are pointed out in such motion do not go to the jurisdiction of this court. Therefore, sufficient grounds do not exist for the dismissal of this appeal. However, by reason of the fact that no proper question is presented for the determination of this court on appeal, the judgment of the trial court should be affirmed as was done in *Kelly* v. *Rihm* (1952), 122 Ind. App. 524, 105 N. E. 2d 181; *Lake Motor Freight Line* v. *N. Y C. R. Co.* (1950), 228 Ind. 371, 92 N. E. 2d 221; *Williams* v. *Utilities Engineering Institute* (1946), 116 Ind. App. 452, 64 N. E. 2d 302; and *Rosen* v. *Alexander* (1951), 121 Ind. App. 239, 98 N. E. 2d 223.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 2d 904.