HUGHES ET AL. *v.* THE STATE BANK
OF WEST TERRE HAUTE, ET AL.

[No. 18,463.   Filed February 25, 1954.   Rehearing denied
March 31, 1954.   Transfer denied May 26, 1954.]

*John J. Thomas,* of Brazil, and *Stump & Emswiller,* of Indianapolis, for appellants.

*Dix, Dix, Patrick, Ratcliffe & Nunn,* of Terre Haute, and *Eugene Weaver,* of Brazil, for appellee, The State Bank of West Terre Haute.

ROYSE, J. —Appellee The State Bank of West Terre Haute brought this action against appellants and the appellees Shake to reform and foreclose a certain mortgage on farm land in Clay County. (Hereinafter the term "appellee" will refer to said Bank.) Trial to the court resulted in finding and judgment for appellee.

At the outstart we are confronted by the fact that appellants have not set out in their brief the assignment of error in this court, as required by Rule 2-17 (e), Rules of the Supreme Court of Indiana. In the argument portion of their brief they say the argument is applied to both specifications of the motion for a new trial—that the decision is not sustained by sufficient evidence and is contrary to law. But nowhere in their brief is it stated that the assignment of errors here challenged the overruling of their motion for a new trial.

Because of the failure to set out at least the substance of the assignment of errors in appellants' brief, no question is presented. *McBride* v. *State ex rel. McKinley et al.* (1933), 97 Ind. App. 305, 186 N. E. 388; *Milburn* v. *Waggoner et al.* (1932), 94 Ind. App. 247, 250, 180 N. E. 606.

While we prefer to decide cases on their merits we may not do so when the appellant fails to comply with the Rules of the Supreme Court in the preparation of his brief. The Rules are binding on the courts as well as the litigants. In this case our regret in having to base our decision on this ground is mitigated by the fact that, in the opinion of a majority of this court, from what we heard in oral argument and a reading of the briefs, we believe the judgment would have to be affirmed if considered on the merits.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 2d 563.