## GOSS *v.* HALL.

[No. 18,483.   Filed March 14, 1954.   Rehearing denied March 31, 1954.   Transfer denied October 4, 1954.]

*B. E. Sattler, Seth Ward* and *John O. Lewis,* all of Indianapolis, and *Stevenson & Stevenson,* of Danville, for appellant.

*Otis E. Gulley,* of Danville, and *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellee.

CRUMPACKER, C. J.—The appellant, a resident of Indianapolis, Indiana, sued the appellee, a resident of Hardin County, Kentucky, in the Marion Circuit Court to recover damages for injuries to her person and property resulting from an automobile collision which occurred in the State of Kentucky on June 30, 1945. The appellee was found in Marion County and personally served with summons. He appeared specially to the action and filed a plea in abatement in which he alleges in substance that he was inveigled, lured and enticed into the jurisdiction of the Marion Circuit Court by means of fraud and deceit practiced upon him through a conspiracy for that purpose perpetrated by the appellant and others. This was denied by the appellant and, upon a change of venue to the Hendricks Circuit Court, the issue was tried to a jury which found for the appellee and the judgment is that appellant's action abate.

The only error properly assigned in this court is the overruling of the appellant's motion for a new trial and while her brief recites the fact that she made such a motion, and the same was overruled, nowhere in said brief is said motion set out. However, from that part of the brief entitled "Summary of Argument," we gather that said motion challenges the validity of the verdict on the ground that there is insufficient evidence to support it and therefore it is contrary to law.

It is true, as the appellant points out, the appellee's answer in abatement alleges a conspiracy between the

appellant and others to lure the appellee away from his home in Kentucky and into the jurisdiction of the Marion Circuit Court whereby personal service of process was had upon him in an action pending in said court. It is also probably true that the evidence shows no such conspiracy but we regard this of little consequence. There is ample evidence in the record tending to prove that the appellant, through her agent or agents, inveigled or enticed the appellee away from his home in Kentucky to Indianapolis through deceit and trickery and it makes little difference whether this was accomplished by her agents or through fellow conspirators. Either situation constitutes an abuse of process and is sufficient to abate the action. 72 C. J. S., Process, §39 and cases cited. See also *In re Cash* (1943), 383 Ill. 409, 50 N. E. 2d 487. Some courts have gone so far as to apply the rule where the fraud is that of the plaintiff's agents practiced without the plaintiff's actual knowledge. *Sutton* v. *Tuggle* (1935), 260 Ky. 351, 84 S. W. 2d 1017; 50 C. J. 489, Notes 32 and 33. The slight variance between the allegations of the plea in abatement and the proof in the present case would not have foreclosed an amendment below to make the plea conform to the proof, and we therefore treat the same as so amended. *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917.

The appellant has assigned, independent of her motion for a new trial, error in one instruction given by the court on its own motion. This presents no question, as rulings which constitute grounds for a new trial cannot be independently assigned as error. *Teeple* v. *State* (1908), 171 Ind. 268, 86 N. E. 49. The appellant's brief in no way informs us whether or not the giving of the questioned instruction was assigned as a ground for a new trial and we are sent

to the transcript to find out. A brief which casts upon us the burden of such a search is not sufficient under Rule 2-17 (e). *State ex rel. Heflin* v. *Hinds, Trustee* (1929), 200 Ind. 613, 165 N. E. 754; *Kelly* v. *Rihm* (1952), 122 Ind. App. 524, 105 N. E. 2d 181.

Judgment affirmed.

Kendall, P. J., not participating.

NOTE.—Reported in 117 N. E. 2d 649.