HARTUNIAN *v.* WOLFLICK, BY HER NEXT FRIEND;
WOLFLICK.

[No. 18,556.   Filed November 24, 1954.]

*Myers, Proctor & Sproull,* and *F. L. Wiltrout* (of counsel), all of Elkhart, for appellant.

*Church & Chester,* of Elkhart, for appellee.

ACHOR, J.—Appellee and appellant were involved in an automobile collision which occurred on U. S. Highway 112 in Cass County, Michigan, about 10 miles north of Elkhart, Indiana. Appellant was seriously injured in the collision and was taken to a hospital at Elkhart, Indiana, in an unconscious or semi-conscious condition, where he was confined for several weeks.

Appellee filed an action against appellant for damages resulting from the collision. The action was filed and service was had upon the appellant in Elkhart County during his hospitalization there. To this complaint appellant filed a pleading designated as a "plea in abatement" which, among other things, asked that the action abate. The pleading stated that appellant was a resident of Chicago, Illinois, and appellee was a resident of Detroit, Michigan. It also alleged that appellant was brought into the state and was here confined at the time of service of summons without his consent and under circumstances entirely beyond his control. To this answer in abatement appellee filed a demurrer, which demurrer was sustained. Appellant declined to plead further with respect to the plea in abatement, and the court entered a finding against the appellant with respect thereto. The issues were thereafter joined on the complaint. The cause was tried and judgment rendered against the appellant in the sum of $22,500.00.

The error assigned and relied upon in this appeal is the sustaining of appellee's demurrer to the appellant's answer in abatement.

Section 2-707, Burns' 1946 Replacement provides as follows:

". . . In cases of nonresidents, . . . action may be commenced and process served in any county where they may be found. . . ."

By reason of this statute appellant concedes that the Superior Court of Elkhart County had jurisdiction over the parties. However, appellant contends that under the doctrine of *forum non conveniens* the trial court "abused its discretion in accepting and retaining jurisdiction of this case" when the existing circumstances were made an issue by the appellant and presented to the court.

Appellant concedes that facts in support of the doctrine of *forum non conveniens* were neither alleged nor argued in support of the plea in abatement. He also acknowledges the general rule that pleas in abatement are looked upon with disfavor, that they are to be construed with much greater strictness than ordinary pleas at bar, that they must contain the utmost fullness and particularity in every respect, leaving nothing to be supplied by intendment. *Dodgem Corp.* v. *D. D. Murphy Shows, Inc.* (1932), 96 Ind. App. 325, 183 N. E. 699, 185 N. E. 169.

However, appellant asserts that under §2-1046, Burns' 1946 Replacement, all pleading requirements, even under the rule of strict construction, have been met. Section 2-1046, *supra*, provides:

"Neither presumptions of law nor matters of which judicial notice is taken need be stated in a pleading."

Appellant argues that as consequences known to the trial court, resulting from the action being tried in Indiana, the following burdens were unjustifiably imposed upon appellants, the people and the courts of Indiana. (1) Unnecessary and unjustifiable expense was imposed upon appellant in defending his case. (2)

Appellant was jeopardized in the defense of his case because he could not subpoena witnesses from the locale of the collision and it would be impossible for jurors to view the scene of the accident. (3) Our courts would be required to construe and apply the traffic laws of Michigan. (4) Such trials by our courts impose an unreasonable burden upon our Indiana courts and our citizens because of jury service.

Appellant cites and urges the adoption of the rule adopted by the New York courts which have refused to retain jurisdiction of tort actions between non-residents, as a matter of public policy, unless special reasons are shown to exist which make the assumption and retention of jurisdiction necessary or proper. However, it is to be noted that the New York court, in applying the above rule, has stated: ". . . The question whether jurisdiction will be assumed ordinarily, and *in the absence of controlling statutory provisions, is one which is confined to the sound discretion of the court. . . .*" (Our Italics.) *Jewett* v. *Gardner* (1947), 73 N. Y. S. 2d 782, 783. See also, 21 C. J. S., Courts, §77, pp. 114, 115.

Here we must accept the fact that the public policy of this state with respect to actions against non-residents, has been established by legislative declaration. (§2-707, *supra*.) The courts of this state have adhered to that policy with but three exceptions, as follows: (1) Where the non-resident is in the state because of litigation to which he is either a witness or a party. *Minnick* v. *Packard* (1908), 42 Ind. App. 371, 85 N. E. 787; *Wilson* v. *Donaldson* (1889), 117 Ind. 356, 20 N. E. 250. (2) Where a person is induced to enter the state by fraud, deceit, trickery or duress. *Goss* v. *Hall* (1954), 125 Ind. App. 25, 117 N. E. 2d 649, or (3) "Where the maintenance

and defense of such suit in such foreign state would . . . impose an unreasonable, unjust and unconscionable burden upon the defendant." *Kern* v. *C., C., C. & St. L. Ry. Co.* (1933), 204 Ind. 595, 599, 185 N. E. 446; *C. C. C. & St. L. Ry. Co.* v. *Shelly* (1933), 96 Ind. App. 273, 170 N. E. 328.

Under all of the above circumstances, our courts have considered it the duty of the non-resident to allege and prove the facts which would make ■ him (it) an exception to the rule established in §2-707, *supra*. No facts were alleged in the plea in abatement which, if proved, would establish the fact that trial of the case in Elkhart, Indiana, would impose such an unreasonable, unjust and unconscionable burden upon the defendant, that failure to find for appellant on his plea in abatement would have constituted an abuse of the court's discretion. On the contrary, because of the fact that both parties received medical treatment in Elkhart County, and because of the proximity of the forum to the scene of the accident, it is conceivable that trial in Elkhart County may have been as reasonable and just as between *both* the parties, as would have been true if the trial had been held in either Cass County, Michigan, Detroit or Chicago.

In any event, we conclude that appellant having failed to plead facts in his plea in abatement sufficient to invoke the doctrine of *forum non conveniens*, ■ and the trial court having ruled upon that pleading without having this issue before it, this court, on appeal, must treat the issue as waived.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 622.