MENDENHALL, EXECUTOR OF MENDENHALL, DECEASED v. MENDENHALL.

[No. 18,598. Filed March 2, 1955. Rehearing denied March 24, 1955. Transfer denied June 14, 1955. Petition to reconsider dismissed June 24, 1955.]

*Charles Mendenhall,* of Indianapolis, for appellant.

*Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, for appellee.

KELLEY, C. J.—Action by appellant against appellee for Declaratory Judgment, praying that the alleged rights of the appellant executor in and to certain United States of America War Bonds be declared and that said bonds be determined to be the property of the estate of the named decedent. From an adverse judgment appellant brings this appeal.

Appellee filed a verified motion to dismiss this appeal or affirm the judgment. Upon appellant's petition, leave was granted him to file amended brief. Such amended brief was duly filed.

Appellee has filed a supplemental motion to dismiss this appeal, or in the alternative, to affirm the judgment, for the reason that appellant's amended brief is defective in that the same fails to comply with Rule

2-17 in these particulars: Said amended brief does not contain a condensed recital of so much of the evidence as is necessary to accurately present the questions involved; and the argument portion of said amended brief does not contain a specification of such of the assigned errors as are intended to be urged, nor a clear exhibition of the points of fact and law, with authorities, and their application to each cause relied upon for a new trial.

Prompted by the desire to decide appeals upon the merits rather than upon technical objections, we have carefully examined the amended brief with the view of determining whether it reflects a good faith effort to comply with the applicable rules. Our search has not served to sustain our desire. The rules have the force of law and are as binding upon us as upon the litigants.

We have compared appellant's attempted recital of the evidence, which he inserts under the heading "A Concise Statement of the Record," with the bill of exceptions in the record and find not only that there is no narrative recital of the evidence, as required by the rules, but that many pages of the record evidence are not given or referred to at all. All that is set out as the evidence are some of the questions, objections thereto, offers to prove, and, in some instances, the ruling of the court. Such is not a "condensed recital . . . in narrative form" as required by Rule 2-17 (d).

The argument portion of the brief does not contain a clear exhibition of the facts with application to each cause for new trial relied upon. It consists only of statements of the author and stated abstract principles of law, followed by cited cases. This is not a substantial compliance with Rule 2-17 (e).

We have looked to the motion for new trial and find that out of the fourteen specifications therein, only one could present any question. Specification 1 charges that the decision of the court is contrary to law. In the absence of a condensed recital of the evidence, the validity of said specification cannot be determined.

The condition of appellant's brief is such that we can do no other than say that the brief does not show a good faith effort to comply with the rules.

The judgment, therefore, is affirmed.

NOTE.—Reported in 124 N. E. 2d 873.