126 Ind. App. 92 (1955)
130 N.E.2d 329
INDIANA TRUST & SAVING BANK, EXECUTOR OF ASPLAN, DECEASED
v.
ZAPP
No. 18,751.
Court of Appeals of Indiana.
Filed December 2, 1955.
*93 Ben J. Biederwolf, and Forrest M. Condit, both of Evansville, for appellant.
John G. Bunner, of Evansville, Bernard Landman, Jr., and Bamberger & Feibleman, both of Indianapolis, for appellee.
ROYSE, C.J.
This is an action by appellee for services rendered to decedent during her lifetime. Judgment for $8500.00 in favor of appellee.
Appellee has filed his motion to dismiss this appeal or, in the alternative, affirm the judgment of the trial court for three specified reasons. In view of the conclusion we have reached we need to consider only the first specification of this motion, that "No copy of appellant's brief was served upon the appellee or his counsel prior to, nor upon the date of the filing of appellant's brief, and neither the appellee or his counsel was served with a copy of appellant's brief on or before the day of the filing of same, as required by Rule 2-19, Rules of the Supreme Court". The pertinent portion of this rule provides as follows:
"Nine copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel."
The record discloses judgment was rendered against appellant on April 18, 1955. On June 9, 1955 its motion for a new trial was overruled. The transcript and assignment of errors was filed with the Clerk of this court on August 3, 1955. The appellant's brief was filed with said Clerk on August 31, 1955. At that time an affidavit was filed averring one Goldie Bynum, *94 at the direction of Ben J. Biederwolf, one of appellant's attorneys, did, on said 31st day of August, 1955 mail appellant's brief to counsel for the appellee herein. The affidavit of appellee's attorney avers that no copy of appellant's brief was served on appellee or his counsel prior to or upon the day said brief was filed in the office of the Clerk. Attached to and as a part of said motion is a letter from the Postmaster of the United States Post Office at Evansville, Indiana, dated September 9, 1955, which, omitting address and signature, is as follows:
"Please be advised our records indicate this article was dispatched from Indianapolis at 5:00 p.m. on August 31, 1955. It was received at this office on the morning of September 1, 1955 from Chicago & Evansville Train # 5, and delivered to you personally on same day by Special Messenger  Selzer.
"Hoping this explanation will suffice I remain,"
Appellant, in its brief answering appellee's motion to dismiss, does not controvert the foregoing facts. However, it makes the novel contention that because it filed its brief two days before it was required to do so under the rules of the Supreme Court, the numerous cases of this court and the Supreme Court holding that failure to serve a copy of appellant's brief on the appellee prior to or at the time said brief is filed with the Clerk of this court requires a dismissal of the appeal, are not applicable. We cannot agree with this contention.
The purpose of the aforementioned rule is to allow the appellee a full thirty days after the filing of appellant's brief to prepare and file his answer brief. An appellant may not reduce the time given appellee to file his answer brief by the device of filing his brief before the rules require it to be filed.
*95 Upon the authority of the following recent cases we hold this appeal must be dismissed. James C. Curtis & Company v. Emmerling et al. (1941), 218 Ind. 172, 31 N.E.2d 57, 986; Wright et al. v. Hines et al. (1945), 116 Ind. App. 150, 62 N.E.2d 884; Hoover v. Shaffer (1948), 118 Ind. App. 399, 80 N.E.2d 569; Matlaw Corporation v. War Damage Corporation (1953), 123 Ind. App. 593, 608, 112 N.E.2d 233, 868; Coal Operators Casualty Company v. Randolph (1954), 125 Ind. App. 364, 122 N.E.2d 737 (transfer denied).
NOTE.  Reported in 130 N.E.2d 329.