COLLINS v. STATE OF INDIANA.

[No. 29,462. Filed March 11, 1957.]

*Joseph T. Murphy,* of Wabash, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of the appellant for the offense of driving a motor vehicle upon public highways in this state while his license to operate a motor vehicle was suspended. The affidavit was filed in the City Court of Wabash, Indiana, on October 15, 1955, and on the same day the appellant was arraigned, and entered a plea of guilty, upon which he was sentenced to the Indiana State Farm for a period of ninety (90) days, and fined One Dollar. The appellant thereafter appealed to the Wabash Circuit Court, and entered a plea of not guilty. Upon a trial without a jury, the appellant was found guilty; was sentenced to the Indiana State Farm for a period of 60 days, and was fined $25.00.

The only error assigned was the overruling of a motion for a new trial which contained only two specifications, namely, the finding of the court is contrary to law, and is not sustained by sufficient evidence.

The only question attempted to be raised in the brief is the assertion of error on the part of the court in the admission of certain evidence. The appellant states in the argument portion of his brief:

"The court erred in overruling the objections by appellant's counsel to interrogating of appellant by prosecuting attorney on evidence and pleadings given by appellant in lower court hearing; that the court ruling is contrary to law; that the judgment ought to be reversed."

The argument portion of appellant's brief is confined solely to the objections made by the appellant to questions asked the appellant with reference to his plea of guilty in the City Court. The motion for a new trial does not set out these specifications of alleged error, and we, therefore, are precluded from considering such questions. The brief does not set out any summary of the evidence. We, therefore, are precluded from a consideration of the specifications that the finding of the court is not sustained by sufficient evidence, and is contrary to law. *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 410; *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019.

For the foregoing reasons we have no alternative but to affirm the judgment of the court below.

The judgment is affirmed.

Achor, C. J., Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 761.