## JUSTICE v. TRIPP

[No. 19,018. Filed May 22, 1959. Rehearing denied September 18, 1959. Transfer denied November 16, 1959. Petition on Rehearing of Denial of Transfer dismissed January 5, 1960.]

*Brubaker & Justice, Hillis & Hillis,* all of Logansport, *Donald E. Bowen* and *Kivett, Bowen, Clancy & Kivett,* of Indianapolis, for appellant.

*Lynn O'Neill,* and *O'Neil & O'Neill,* of Logansport and *Wilbur A. Royse,* of Indianapolis, for appellee.

AX, J.—Appellee obtained a jury verdict against appellant for fifteen hundred dollars on a complaint charging that appellant, an attorney, charged an unreasonable fee for representing the appellee in a claim for personal injuries.

From the record it appears that there was a misunderstanding between the parties as to the matter of the basis upon which appellant was employed—appellant claimed that he was employed on a contingent fee basis, and appellee claimed that appellant was employed on an hourly basis. There was no written contract of employment.

Upon judgment being entered, appellant filed a motion for new trial which was overruled.

Since the opinion of this court is not based upon the merits of the complaint, we deem it of no consequence to set out the complaint in full or any of its allegations. In our opinion, if appellant had properly urged the error of the court below in overruling his demurrer to the complaint, we would have been compelled to reverse the judgment in this case. However, appellant, by his failure to include it in his argument, has waived this error and we can not consider it for the benefit of appellant. *Tate* v. *West* (1950), 120 Ind. App. 519, 94 N. E. 2d 371; *Gluff* v. *Rouls* (1950), 228 Ind. 186, 91 N. E. 2d 176.

Appellant's sole assignment of error herein was the overruling of his motion for a new trial.

In his motion for a new trial appellant sets forth six separate causes—and then proceeds to waive all of his causes for a new trial by his failure to comply with Rule 2-17 of the Supreme and Appellate Courts.

In his brief, under point *One,* appellant grouped together four of his causes for a new trial as follows:

1. Damages assessed by the jury are excessive.
2. Verdict of jury is not sustained by sufficient evidence.
3. Verdict of jury is contrary to law.
4. Error occurred in assessment of amount of recovery in that verdict is too large.

After setting forth these causes, appellant failed completely to comply with the aforesaid Rule 2-17 (e) in that he failed "in exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing authorities and statutes relied upon. . . ." Mere proposition of law is quoted and citations given. The appellant has altogether failed

to apply the cases cited to the facts of the instant case and the application thereof.

In his point *Two,* appellant attempted to set out in his argument the error of law occurring at the trial as to 'refusal to give instructions.' Again appellant has waived this alleged error by his failure to put into the statement of the record all of the instructions given or tendered which have a bearing upon the questions raised, as required by the said Rule 2-17 (d). Judge Crumpacker in the case of *Underwood* v. *Ferguson* (1956), 126 Ind. App. 643, 133 N. E. 2d 573, made the following well-stated observation of this subject:

> "The appellant's brief does not set out the instructions given by the court and we are unable to determine whether they cover the subject matter of those refused without resort to the record. This we decline to do for the purpose of reversal as the burden is on the appellant to present us with a brief showing error and in the absence of such brief we prefer to indulge the presumption that the trial court fully and accurately instructed the jury concerning the law of the case."

In his final point, *Three,* appellant set out "errors of law occurring at the trial under number six of the motion for a new trial—exclusion of evidence." Under his cause number six, appellant had listed five separate causes bearing upon exclusion of evidence. We are unable to ascertain from his argument specifically to which he refers—in addition, again appellant has waived this alleged error by his failure to comply with the above mentioned Rule 2-17 (c).

Paragraph (f) of Rule 2-17 sets forth "errors assigned and causes for a new trial not treated as herein directed, shall be deemed to be waived."

As Judge Royse so aptly stated in *Hughes et al.* v. *The State Bank of West Terre Haute, et al.* (1954), 124 Ind. App. 511, 117 N. E. 2d 563, "While we prefer to decide cases on their merits, we may not do so when the appellant fails to comply with the Rules of the Supreme Court in the preparation of his brief. The Rules are binding on the courts as well as the litigants."

Also, Judge Kendall wisely stated in the case of *Witte* v. *Witte, et al.* (1953), 123 Ind. App. 644, 647, 113 N. E. 2d 166:

"The rules of the Supreme Court are clear and concise and it is the duty of attorneys to prepare their briefs in accordance therewith. In some instances slight failure to follow the rules has been overlooked so that the merits of the case might be decided; however, in this case, there is altogether a lack of good faith effort on the part of the appellant to prepare his brief pursuant to the rules. For this court to consider this cause further on the merits would require us to disregard the rules in regard to the preparation of appellant's brief and would require us to perform the work of the attorney to obtain a knowledge of the record and the questions involved sufficient for the performance of the duty of deciding the cause. Not only should the court not be expected to practice law in a case before it, but it should abstain therefrom."

The rules of the Supreme Court and this Court when adopted and published have the same force and effect as law and are binding alike upon the Courts and litigants. *Witte* v. *Witte, et al., supra.*

Therefore, for the reasons above stated, and without a consideration of the merits of this case, judgment of the court below is affirmed.

NOTE.—Reported in 158 N. E. 2d 809. Petition on re-

hearing of denial of transfer dismissed, Arterburn, C. J., Landis, J., not participating.