IN RE ESTATE OF BAUER ET AL. *v.* BAUER ET AL.

[No. 30,218. Filed October 7, 1963.]

*Ira C. Tilton* and *John M. Lyons,* both of Valparaiso, for appellants.

 Carl M. Franceschini, Link, Link & Franceschini and Sallwasser & Sallwasser, all of LaPorte, for appellees.

PER CURIAM.—This is an appeal taken from an adverse judgment in an action brought by appellants in the lower court to vacate an order obtained by appellee executrix for the sale of real estate in an estate and challenging among other things the constitutionality of the Probate Code of 1953 in making estate proceedings actions in rem.

Appellees have filed motion to dismiss the appeal setting up that appellants filed their transcript and assignment of errors on April 11, 1962, and filed their brief on May 28, 1962, which was the last day for filing the same according to a previous extension of time granted to appellants; that no copy of appellants' brief was served on appellees or upon their counsel prior to the filing of appellants' brief; that a copy of appellants' brief was served on Sallwasser & Sallwasser, attorneys for appellees, by mailing copy thereof and depositing the same in the United States Mail on June 2, 1962; that a copy of appellants' brief was served on Link, Link & Franceschini, attorneys for appellees by mailing copy thereof and depositing the same in the United States Mail on June 3, 1962; that said service of copy of appellants' brief on counsel for appellees is not in conformity with Rules 2-19 and 2-15A of this Court.

Rule 2-19 provides in pertinent part as follows:

" . . . Nine (9) copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel. . . . "
Rule 2-15A provides:

"Briefs will be deemed filed with the Clerk or served upon the opposing party or his counsel,

upon the deposit of the same in the United States Mail or with the Railway Express Agency, Inc., charges prepaid, properly addressed to the Clerk or to the opposing party or his counsel, as the case may be. In case of filing or service by mail or Railway Express Agency, Inc., a receipt of such deposit or a copy thereof shall be promptly filed with the Clerk of this Court.

"In all cases where briefs are served upon the opposing party or his counsel, by mail or Railway Express Agency, Inc., as provided above, the time period specified for the filing of any briefs in response thereto shall be extended automatically and without order of court for an additional period of five (5) days. . . . "

In the case of *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. 2d 57, the appeal was filed and submitted on September 16, 1939. Appellant filed its brief with the clerk on October 14, 1939, and on October 27, 1939 it filed proof showing that on October 25, 1939 it had served a copy of its brief on appellees. This Court there cited Rule 20 in force at that time providing:

"Not less than nine copies of each brief, two of which, if typewritten, shall be ribbon copies, shall be filed with the clerk together with proof of service of a ribbon copy upon opposing party or counsel."

The Court dismissed the appeal stating that in an effort to expedite the consideration of appeals the time for filing briefs had been materially shortened by such rule, and that it was necessary to hold under such rule that appellant is required to serve a copy of his brief upon appellee within the time allowed.

Rule 20 then in force is substantially similar to Rule 2-19, *supra,* now in effect, and in our judgment compels us to conclude that appellees' motion to dis-

miss the appeal must be sustained. See also: *Dawson* v. *Review Board, Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 1, 175 N. E. 2d 35; *Ind. Tr. & Savings Bank, Exr., etc.* v. *Zapp* (1955), 126 Ind. App. 92, 130 N. E. 2d 329.

Rule 2-15A providing for the filing of briefs and serving opposing counsel by depositing the same in the United States Mail or Railway Express Agency, Inc., does not alter the requirement that the opposing party be served (either personally or by depositing in the mail or express) within the time allowed for filing briefs.

Appellees' motion to dismiss appeal heretofore overruled is now on reconsideration sustained and said appeal dismissed.

NOTE.—Reported in 192 N. E. 2d 734.