ISRAEL *v.* LOGANSPORT AERIE NO. 323, ETC. ET AL.

[No. 19,991. Filed June 29, 1964.]

*Hanna & Small,* of Logansport and *David R. Baum,* of Delphi, for appellant.

*Miller, Tolbert & Hirschauer,* of Logansport, for appellees.

FAULCONER, P. J.—Appellant, Charles L. Israel, brought an action against appellees, Logansport Aerie No. 323 Fraternal Order of Eagles, Logansport, Indiana, and The Board of Trustees of the Fraternal Order of Eagles, No. 323 of Logansport, Cass County, Indiana, to recover damages for personal injuries sustained by appellant in a fall on a stairway in appellees' building. At the close of plaintiff-appellant's evidence the trial court sustained defendants-appellees' motion for a finding in appellees' favor and entered judgment thereon. Appellant's sole assignment of error is the overruling of appellant's motion for new trial.

Appellant states three grounds in his motion for new trial (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and (3) error of law occurring at the trial in this, to-wit: the court erred in sustaining the defendants' motion for a finding in favor of each of said defendants.

A review of the questions raised by this appeal requires a consideration of the evidence heard by the trial court. Rule 2-17(d) of the Rules of the Supreme Court of Indiana, 1962 Revision, governing the preparation of appeal briefs, provides in part:

"If the verdict or finding is assailed as contrary to law for lack of evidence, or as not sustained by sufficient evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form with references to pages and lines of the transcript as is necessary to present ac-

curately and concisely a full understanding of the questions presented."

The evidence in this case covers 93 pages in the record which has been condensed into less than four pages in appellant's brief. No reference is made in appellant's brief to the cross-examination of any of the witnesses. The testimony of three witnesses is completely excluded, and the contents of the fifteen exhibits introduced at the trial are neither set out in full nor in substance.

A failure to set forth a condensed recital of the evidence is a waiver of any questions depending upon the evidence. *Collins* v. *State of Indiana* (1957), 236 Ind. 432, 434, 140 N. E. 2d 761; *Dykiel et al.* v. *Hilson Lumb. & Sup. Co. et al.* (1957), 127 Ind. App. 485, 487, 139 N. E. 2d 450, (Transfer denied); *Stoner* v. *Howard Sober, Inc.* (1954), 124 Ind. App. 581, 586, 118 N. E. 2d 504, (Transfer denied); *Bd. of Com'rs. of Pulaski County* v. *State* (1952), 123 Ind. App. 25, 26, 105 N. E. 2d 904 (Transfer denied); *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 80, 108 N. E. 2d 205.

Many months have elapsed since these deficiencies in appellant's brief were brought to his attention by appellees' motion to affirm filed herein on June 26, 1963, but no effort has been made by appellant to obtain permission to amend his brief.

We do not believe that appellant's "Condensed Recital of the Evidence in Narrative Form" represents a good-faith compliance with Rule 2-17 (d), *supra*.

Rules of the Supreme Court have the force and effect of law and are binding on the courts as well as

the litigants. *Allison* v. *State et al.* (1959), 239 Ind. 545, 547, 157 N. E. 2d 193; *Diggs* v. *Bobich et al.* (1962), 133 Ind. App. 332, 336, 182 N. E. 2d 439; *Wills* v. *Motorists Mutual Insurance Co.* (1962), 133 Ind. App. 634, 637, 184 N. E. 2d 161; *Justice* v. *Tripp* (1959), 130 Ind. App. 187, 191, 158 N. E. 2d 809, (Transfer denied); *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 648, 113 N. E. 2d 166.

Appellant's brief must be prepared in such a manner that a printed copy of the record for each judge will be unnecessary for him to be properly advised on each matter involved in the appeal. *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 533, 150 N. E. 2d 883.

Appellees' motion to affirm further points out that appellant has not set out in his brief the filing of the bill of exceptions or the praecipe as required by Rule 2-17 of the Supreme Court. *Wischmeyer* v. *Fisher* (1960), 130 Ind. App. 245, 248, 161 N. E. 2d 485, 163 N. E. 2d 619.

The duty of appellant is well stated in *Gilmore* v. *State* (1951), 229 Ind. 359, at page 367, 98 N. E. 2d 677, as follows:

> "Appellant's original brief should not only present the issues to be decided upon appeal, but it should be of material assistance to the court in deciding those issues. . . . This court is entitled to have presented to it in more than a summary fashion the reasons why the action of the trial court has prejudiced the appellant."

While this court prefers to decide appeals on their merits, it is impossible for us to determine the questions raised by this appeal without resort to the record which we will not do in order to reverse. *Coleman, Ransom* v. *State* (1961), 241 Ind. 663,

664, 175 N. E. 2d 25; *Grecco v. State* (1960), 240 Ind. 584, 593, 166 N. E. 2d 180, 167 N. E. 2d 714; *Snow v. State* (1955), 234 Ind. 234, 236, 125 N. E. 2d 802; *Wood v. C. & E. R. R. Co.* (1939), 215 Ind. 467, 470, 18 N. E. 2d 772, 20 N. E. 2d 642.

Judgment affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 730.