137 Ind. App. 84 (1965)
205 N.E.2d 164
STEPHENS
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.
No. 20,253.
Court of Appeals of Indiana.
Filed March 17, 1965.
*85 John R. Walsh and Richard E. Kreegar, of Anderson, for appellant.
Edwin K. Steers, Attorney General, and Keith Campbell, Deputy Attorney General, for appellee, Review Board.
Eugene C. Miller, Jr., of Indianapolis, for appellee, Delco Remy Division, General Motors Corporation and Barnes, Hickam, Pantzer & Boyd, of counsel, of Indianapolis.
PER CURIAM.
This cause is before us on a motion to dismiss of appellee, Delco Remy Division, General Motors Corporation. Appellant filed his transcript and assignment of errors in this court on August 15, 1964, in compliance with Rule 2-2 of the Supreme Court, 1964 Revision. On September 10, 1964, appellant filed his petition for an extension of time to file brief, and thereafter filed his brief in this court on *86 October 29, 1964. Appellee, Delco Remy Division, General Motors Corporation, urges dismissal of this appeal on two grounds. 1) That appellant failed to serve notice and a copy of such petition for extension of time on appellee, Delco Remy Division, General Motors Corporation, or its counsel, as required by Rules 2-13 and 2-16 of the Supreme Court; and, 2) that appellant failed to serve a copy of his brief on appellee, Delco Remy Division, General Motors Corporation, or its counsel, at the time of, or prior to, filing of the same with the clerk of this court on October 29, 1964, as required by Rules 2-13 and 2-19 of the Supreme Court. The record discloses that no proof of service of either the brief or petition for extension of time showing service on appellee, Delco Remy Division, General Motors Corporation, has been filed, although a copy of each was served on appellee, Review Board and the Attorney General, and proof of such service duly made.
Rule 2-16, supra, provides, in pertinent part, as follows:
"Notice of the application and a copy of the petition shall be served upon the opposite party or his counsel at any time before filing, and proof of service shall be filed with the petition."
Rule 2-19, supra, provides, in pertinent part, as follows:
"Nine (9) copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel."
The above cited portion of Rule 2-16, supra, is mandatory. State v. Baker, Silver (1963), 243 Ind. 635, 638, 189 N.E.2d 580.
*87 Rule 2-19, supra, requires that service should be made on each of the opposing parties or their counsel and not just one of them. State v. Baker, Silver, supra; F.W. & H., Ind. Tr. & App. Pract., § 2674, Comment 1, p. 298.
It is well established in Indiana that Rule 2-19, supra, and Rule 2-15A require service of a copy of the brief, either in person or by depositing such brief in the United States mail, or with the Railway Express Agency, Inc., prior to or on the date the same is filed with the clerk of this court, and failure to so do results in dismissal of the appeal. In re Estate of Bauer, et al. v. Bauer et al. (1963), 244 Ind. 363, 192 N.E.2d 734; James C. Curtis & Co. v. Emmerling (1941), 218 Ind. 172, 31 N.E.2d 57, 31 N.E.2d 986; Monroe v. Review Bd. of Ind. Emp. Sec. Div. (1963), 135 Ind. App. 257, 193 N.E.2d 260; Dawson v. Review Board, Ind. Emp. Sec. Div. (1961), 132 Ind. App. 1, 175 N.E.2d 35; Ind. Tr. & Savings Bank, Exr., etc. v. Zapp (1955), 126 Ind. App. 92, 130 N.E.2d 329.
The Supreme Court in In re Estate of Bauer, et al. v. Bauer et al., supra, at page 366 of 244 Ind. held:
"Rule 2-15A providing for the filing of briefs and serving opposing counsel by depositing the same in the United States Mail or Railway Express Agency, Inc., does not alter the requirement that the opposing party be served (either personally or by depositing in the mail or express) within the time allowed for filing briefs."
Appellant's failure to serve notice of the application and a copy of his petition for extension of time to file brief upon appellee, Delco Remy Division, General Motors Corporation, either personally or by depositing in the United States mail or with the Railway Express Agency, Inc. prior to, or on the *88 date of the filing of said petition in this court, and his further failure to serve notice of filing and a copy of his said brief upon appellee, Delco Remy Division, General Motors Corporation, prior to, or on the same day as filing of said brief with this court, pursuant to the rules of the Supreme Court leaves us no alternative  under said rules and the case law of Indiana  but to sustain appellee's (Delco Remy Division, General Motors Corporation) motion to dismiss.
Although we prefer to decide all cases on their merits it is well established that the Rules of the Supreme Court are binding on the courts as well as the litigants; Hughes et al. v. St. Bank of W. Terre Haute (1954), 124 Ind. App. 511, 512, 117 N.E.2d 563 (Transfer denied); and have the force and effect of law. Mendenhall, Extr. v. Mendenhall (1955), 125 Ind. App. 519, 521, 124 N.E.2d 873 (Transfer denied).
We cannot agree with appellant that under the circumstances there has been substantial compliance with said rules in this case. Litigants, their counsel and this court are entitled to have clear guidelines concerning the still too difficult undertaking for review of trial court decisions and to sustain appellant's position, in our opinion, would fail to accomplish this goal.
The motion of appellee, Delco Remy Division, General Motors Corporation, to dismiss the appeal herein is hereby sustained, and the appeal is dismissed.
NOTE.  Reported in 205 N.E.2d 164.