## TURNER *v*. WILLIAMS.

[No. 20,287. Filed March 24, 1965.]

*Arthur Griffith,* of Evansville, for appellant.

*Frank M. Fish,* of Evansville, for appellee.

PER CURIAM.—This cause is before us on appellee's alternative motion to dismiss appeal or to affirm the judgment of the trial court. Appellee's motion, under oath, alleges that the transcript and assignment of errors were duly filed in this court on October 7, 1964; that thereafter, on November 12, 1964, this court, on motion of appellant, extended the time for appellant to file his brief to and including December 6, 1964; that appellant's brief was filed on December 5, 1964; that a copy of appellant's brief was personally served upon appellee herein on December 7, 1964, by the attorney for the appellant who delivered the same in person to the attorney for appellee; that no copy of appellant's brief was served on, or mailed to, appellee or his counsel prior to the filing of the same in this court as required by Rule 2-19 of the Supreme Court, 1964 Edition.

Appellee's motion to dismiss or affirm was filed on December 15, 1964. We can find no record of any proof of service by appellant relative to the service of his brief, nor has anything been filed contradicting or explaining the truth of the allegations contained in appellee's motion to dismiss or affirm.

Rule 2-19, *supra,* provides, in pertinent part, as follows:

> "Nine (9) copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel."

It is well established in Indiana that Rule 2-19, *supra,* and Rule 2-15A require service of a copy of the brief, either in person or by depositing such brief in the United States Mail, or with the Railway Express Agency, Inc., prior to or on the

date the same is filed with the clerk of this court, and failure to do so results in dismissal of the appeal. *In re Estate of Bauer, et al.* v. *Bauer, et al.* (1963), 244 Ind. 363, 192 N. E. 2d 734; *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. 2d 57, 31 N. E. 2d 986; *Monroe* v. *Review Bd. of Ind. Emp. Sec. Div.* (1963), 135 Ind. App. 257, 193 N. E. 2d 260; *Dawson* v. *Review Board, Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 1, 175 N. E. 2d 35; *Ind. Tr. & Savings Bank, Exr., etc.* v. *Zapp* (1955), 126 Ind. App. 92, 130 N. E. 2d 329.

The Supreme Court in *In re Estate of Bauer, et al.* v. *Bauer, et al., supra,* at page 366 of 244 Ind. held:

"Rule 2-15A providing for the filing of briefs and serving opposing counsel by depositing the same in the United States Mail or Railway Express Agency, Inc., does not alter the requirement that the opposing party be served (either personally or by depositing in the mail or express) within the time allowed for filing briefs."

It is well established that the Rules of the Supreme Court are binding on the courts as well as the litigants; *Hughes et al.* v. *St. Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 512, 117 N. E. 2d 563 (Transfer denied); and have the force and effect of law. *Mendenhall, Extr.* v. *Mendenhall* (1955), 125 Ind. App. 519, 521, 124 N. E. 2d 873 (Transfer denied).

The motion of appellee to dismiss the appeal herein is sustained, and the appeal is dismissed.

NOTE.—Reported in 205 N. E. 2d 325.