TOLBERT *v.* KERN.

[No. 20,242. Filed September 27, 1965. Rehearing denied
February 3, 1966. Transfer denied May 19, 1966.]

*Donald L. Adams, Adams & Ecklund, Gerald L. Purdy,* and
*Kensinger, Purdy & Mullin,* of Indianapolis, for appellant.

*Robert J. Wampler* and *Armstrong, Gause, Hudson &
Kightlinger,* of Indianapolis, for appellee.

PER CURIAM.—This cause is before us on appellee's verified
motion to dismiss this appeal, or in the alternative, that the
judgment below be affirmed.

Appellee's motion alleges that on June 18, 1965, appellant
filed her brief with this court, together with an affidavit that
copies of the brief had been mailed to the attorneys of record
for appellee, by registered mail; and that, in fact, appellant's
brief was not mailed to the attorneys for appellee until June
21, 1965, three days after the time for filing the briefs had
expired.

Appellant's attorney admits, in a duly verified supplemental
affidavit filed herein on June 23, 1965, that after the filing of
said brief in the office of the Clerk of this court on June 18,
1965, it was necessary for him to attend to personal business,
and later on said date when he arrived at the Federal Post
Office in Indianapolis the window for registered mail was
closed; and that copies of said brief were mailed to the attor-
neys for appellee on June 21, 1965.

Appellee, in her motion to dismiss, further alleges that there were at least four other attorneys appearing of record to carry out the serving of the brief by mail, or personally; that appellant used personal service to serve the supplemental affidavit filed June 23, 1965, above referred to; that the offices of the attorneys for appellee are located less than one block from the offices of the attorneys for appellant, yet no effort was made to personally serve copies of appellant's brief upon the attorneys of record for appellee, or upon appellee, by personal service, on or prior to filing appellant's brief on June 18, 1965.

In *Turner v. Williams* (1965), 137 Ind. App. 103, 205 N. E. 2d 325, at page 326, this court clearly stated the rule pertaining to service of copies of briefs on opposing counsel, as follows:

"It is well established in Indiana that Rule 2-19, *supra*, and Rule 2-15A require service of a copy of the brief, either in person or by depositing such brief in the United States Mail, or with the Railway Express Agency, Inc., prior to or on the date the same is filed with the Clerk of this court, and failure to do so results in dismissal of the appeal." (Citing authorities.)

Although we are in sympathy with the emergency nature of the cause resulting in the failure to serve copies of appellant's brief as required by the rules of the Supreme Court, we are of the opinion that the circumstances here leave us no other alternative than to sustain appellee's motion to dismiss the appeal.

The motion of appellee to dismiss the appeal herein is sustained, and the appeal is dismissed.

Mote, J., concurs with opinion in which Bierly, C. J., concurs.

### (Concurring Opinion)

Mote, J.—I have no alternative but to concur in the dismissal of this appeal. At the same time it is my opinion that

Rule 2-19, Rules of the Supreme Court, is too harsh and I think that litigants should not be deprived of decisions on the merits of an appeal where, as here, there is but a technical lack of compliance with Rule 2-19, *supra*.

Bierly, C. J., concurs.

## ON PETITION FOR REHEARING

PRIME, C. J.—Although I concurred with the Per Curiam opinion previously handed down in this case ordering dismissal, and now concur in the denial of the petition for rehearing, I feel impelled to state my further feelings in the matter upon consideration of the petition for rehearing.

It is my considered opinion that this is a case where the application of Rule 2-19 and Rule 2-15A of the Supreme Court should be tempered with understanding and consideration.

This court should have the authority and discretion to decide when emergencies should excuse technical failures to comply with all our rules. Litigants should never be deprived of a decision on the merits of a case where there was a failure of strict compliance with the rules, but where no harm has been alleged or shown.

Carson, Mote, and Bierly, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 383. Concurring opinion on denial of rehearing reported in 213 N. E. 2d 723.