WILLIAMSON; WILLIAMS v. STATE OF INDIANA.

[No. 30,941. Filed November 3, 1966. Rehearing denied April 11, 1967.]

*William C. Erbecker*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, for appellee.

PER CURIAM.—Appellee has filed a motion to dismiss this appeal and alleges that this is a criminal appeal of appellants'

conviction for first degree burglary in the Hendricks Superior Court.

The filing of the transcript and assignment of errors was timely; an extension of time to file appellants' brief was then granted to August 1, 1966 and appellant filed its brief on that date.

However, in a verified motion to dismiss, appellee states that it did not know of the filing of the brief until September 1, 1966, at which time the Clerk of the Supreme Court informed appellee that their brief was due.

Appellee searched its files and finding no copy of appellants' brief, phoned appellant; later that day (September 1, 1966), appellee received a copy of appellants' brief for the first time.

Rules 2-15, 2-15A and 2-19 require that briefs must be served within the time allowed. The time allowed in this particular situation was August 1, 1966.

The rules of this court have the effect of law. This court has previously decided this matter in *In re Estate of Bauer et al.* (1963), 244 Ind. 363, 366, 192 N. E. 2d 735:

"Rule 2-15A providing for the filing of briefs and serving opposing counsel by depositing the same in the United States Mail or Railway Express Agency, Inc., does not alter the requirement that the opposing party be served (either personally or by depositing in the mail or express) within the time allowed for filing briefs."

The appeal is hereby dismissed.

NOTE.—Reported in 219 N. E. 2d 820.