PRUDENCE MUTUAL CASUALTY ET AL. *v.* STATE OF INDIANA.

[No. 20,719. Filed October 2, 1967. Rehearing denied October 25, 1967. Transfer denied December 18, 1967.]

*William C. Erbecker,* of Indianapolis, for appellants.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

PFAFF, C. J.—This appeal arises from the forfeiture of a bond in the Marion Criminal Court, Division No. Two. The Transcript and Assignment of Errors, after two extensions of time, was inadvertently filed in the Supreme Court on April 11, 1966. Appellants' petition for time to file their brief was granted to and including August 8, 1966. Such brief was filed on that date, but a copy was not served upon appellee until September 1, 1966, approximately three weeks later.

On September 16, 1966, the appellee filed a motion to dismiss the appeal or affirm the judgment. Appellants' counsel thereafter filed a verified answer admitting among other things that a former employee had failed to furnish the appellee, Attorney General, with a copy of Appellants' brief and that if there had been a mistake or omission in the performance of a ministerial act in filing the same, that it should not and ought not be attributable to Appellants because of the precautionary measures Appellants' counsel had adopted in the delegation of various duties among his aforesaid employees.

The record further discloses that on February 14, 1967, the following order was made by Justice Arterburn of our Supreme Court, reading:

"Transferred to the Appellate Court. Actions and Entries made by Supreme Court on Motion to Dismiss are hereby vacated, set aside and held for naught."

It now becomes our duty to reexamine appellee's motion to dismiss and review previous actions to this appeal.

1. This is an appeal from the Criminal Court of Marion County, Division No. Two, wherein said court overruled appellants' petition to set aside a bond forfeiture.
2. That subsequent to this, and after the filing of transcript and assignment of errors, our Supreme Court granted appellants' second petition for extension of time to file brief, said time being extended to and including August 8, 1966.
3. That on August 8, 1966, appellants filed their brief but did not serve appellee with a copy at that time.
4. That on September 1, 1966, appellants served appellee with two copies of their brief, as witnessed by and acknowledgment of service signed by appellee.

Appellee contends that the serving of copies of appellants' brief some three weeks after the expiration date is contrary to Rules 2-13 and 2-19 of our Supreme Court.

Rule 2-13 reads:

"Rule 2-13. Service of Copies. Within the time allowed for filing motions and petitions, and briefs in support there-

of, copies shall be served upon the parties affected, or their attorneys of record, and proof of such service shall be made at the time of filing or promptly thereafter. Adopted April 17, 1940. Effective September 2, 1940."

Rule 2-19 provides, in part, "Nine copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel."

It is well established that the Rules of the Supreme Court are binding on the courts as well as the litigants. The cases are clear that the appeal is subject to dismissal if appellant fails to serve a copy of the brief within the time allowed. *Howard County Council* v. *State* (1966), 247 Ind. 279, 215 N. E. 2d 191; *In Re Bauer* v. *Bauer* (1963), 244 Ind. 363, 192 N. E. 2d 735; *Cole* v. *Pierson* (1966), 140 Ind. App. 212, 215 N. E. 2d 40; *Tolbert* v. *Kern* (1965), 139 Ind. App. 81, 210 N. E. 2d 383, 6 Ind. Dec. 423; *Stephens* v. *Review Bd.* (1965), 137 Ind. App. 84, 205 N. E. 2d 164, 5 Ind. Dec. 39; *Monroe* v. *Review Board* (1963), 135 Ind. App. 257, 193 N. E. 2d 260, 2 Ind. Dec. 241; *Dawson* v. *Review Board, Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 1, 175 N. E. 2d 35; See also Wiltrout, *Indiana Practice* Vol. 3, § 2754, p. 460.

The motion of appellee to dismiss the appeal herein is sustained, and the appeal is dismissed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 834.