PETER LEVA *vs.* CARON GRANITE COMPANY.

JULY 27, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is· an original petition for compensation under the occupational disease provisions of the workmen's compensation act, general laws 1938, chapter 300, article VIII, as amended by public laws 1954, chap. 3297. The petition alleges that the petitioner was last employed by the respondent as a stonecutter, and that over a period of time he contracted silicosis which arose out of and in the course of his employment. From the decree. of the workmen's compensation commission affirming the decree entered by the single commissioner, who heard the cause originally and awarded the petitioner compensation for total disability, the respondent has appealed to this court.

In support of its claim of appeal respondent duly filed sixteen reasons. However, it has not briefed each reason

specifically. We gathered from its brief and argument that it has impliedly waived all reasons except those which alleged that the decree appealed from is against the law, is without any supporting legal evidence, and is violative of article I, sec. 2, of the constitution of this state and of article XIV, section 1, of amendments to the constitution of the United States. The respondent has briefed those contentions under six points. We assume that all the reasons of appeal which cannot be comprehended under any of such points are waived.

We shall consider respondent's points in the order in which it has briefed them, but before doing so a clearer understanding of our treatment of them may be had if we summarize here the undisputed facts in evidence on which they are based. The petitioner, who is sixty-six years of age, has followed the occupation of a stonecutter for forty-nine years. In May 1952 he was working at his trade for the Cumberland Monumental Works where he had been employed during the next preceding thirteen years. The evidence shows that the Cumberland Monumental Works is not within the workmen's compensation system because it has never accepted the act. On May 8, 1952 he had to quit work because he did not feel well. He was weak, had a hacking, dry cough and shortness of breath, and he consulted a doctor. He never returned to Cumberland Monumental Works and remained out of work until August 1952.

In that month respondent's manager, Maurice L. Caron, called on him and asked if he would work for respondent while their regular stonecutter, Aldo Consigli, a friend of petitioner, was confined to the hospital where he was to undergo an operation. The petitioner agreed, with the understanding that he was to continue on the job only until Consigli was able to return to work. He worked seven weeks from August 18, 1952 to October 3, 1952 when he was laid off, because work was reduced to such a minimum that the

assistance of a stonecutter was not necessary. Consigli returned to work November 10, 1952.

On October 7, 1952 petitioner consulted Dr. Nathan J. Kiven who examined his chest with the fluoroscope and then sent him to another doctor to be X rayed. From the fluoroscopic examination and the X rays he diagnosed petitioner's disease as silicosis. He expressed the opinion on the witness stand that it was contracted at least "a couple of years before October 1952" and maybe longer. He testified further that petitioner could never again do stonecutting or any laborious work but he probably could do light work such as that of a watchman.

On April 20, 1953 Dr. Joseph C. Johnston examined petitioner on respondent's behalf. He found that he was then suffering from advanced silicosis and that he must have had the disease a good many years prior to the date of the examination. The doctor stated that petitioner was permanently disabled from working as a stonecutter or doing any work where he could come in contact with dust. He expressed the opinion that he could do work sitting down "maybe as a checker or an elevator operator, some menial job, a storekeeper or a clerk, but not to be exposed to any type of dust." He also testified that petitioner could not have contracted the disease during the period he worked for respondent.

The petitioner testified that he was sick when he was working for respondent; that he got worse there; and that the air of the room in which he worked was filled with dust while he was cutting. He further testified that he felt no better at the hearing; that he was going to Dr. Kiven "every couple of months" for examinations of his chest; and that he could not do any light work although he wished he could. He admitted he never told respondent about his condition after he left its employ. He testified that he went there before Christmas 1952 for a calendar and had some conversation with Mr. Caron. He told Mr. Caron he was sick. Apparently it was not until the following March 1953 when he

consulted counsel that he notified respondent he was disabled by silicosis.

Maurice L. Caron, president and treasurer of the respondent company and its manager, testified concerning conditions under which petitioner worked at the shop and under what terms he had been hired to work. He also testified concerning his knowledge of petitioner's health at the time he went to work for respondent and during his employment. He admitted that when petitioner started to work he was not in good health but he was feeling well enough to work. He also testified in answer to a question put by the commissioner that petitioner "expressed the fact that he wasn't well," but he continued to work and he, Caron, did not have him examined as he thought it likely he would see his own physician.

It is evident from such undisputed facts that petitioner did not contract silicosis during the brief period he worked for respondent; that he already had the disease when respondent hired him; that at such time and throughout his employment he exhibited symptoms associated with the disease and observable to Caron; and that Caron knew petitioner was not well but did not know how serious his condition was. It also clearly appears that petitioner did not give any formal notice to respondent of the nature of his condition until March 10, 1953, when it was served with a copy of the instant petition for compensation, the original of which was filed in the office of the director of labor on March 9, 1953. It is not so clear that petitioner is totally disabled. The medical testimony seems to be undisputed that he may be able to do some kinds of very light work. However, petitioner testified that he could not do any work.

The single commissioner found that petitioner is suffering from silicosis which was contracted in his employment of stonecutting; that it was contracted prior to August 18, 1952; that it got worse in respondent's employ due to the conditions at respondent's place of business and the nature

of petitioner's work there; that as a result he became totally disabled on October 4, 1952 and is so at the present time; that petitioner did not make any willfully false representation in writing that he had not previously suffered from the disease; and that his average weekly wage at the time of his disablement was $84 a week. He did not make any express finding that petitioner had complied with the requirements of notice as provided in art. VIII, sec. 9. A decree embodying such findings was duly entered and later on appeal it was affirmed by a decree of the full commission.

The respondent contends that on the undisputed facts the decree awarding compensation to petitioner was clearly erroneous and contrary to law. Its first contention is that it is contrary to art. VIII, secs. 3 and 10, of the act in that the disease was not contracted in its employ and the information concerning the prior employer, Cumberland Monumental Works, is insufficient to enable respondent to take proceedings against said employer under sec. 8. In support of its position the respondent has made an elaborate argument in which it urges a construction of secs. 3 and 10 in connection with that section with which, after careful consideration, we are unable to agree.

Section 3 requires a petitioner, who seeks compensation for disability due to one of the occupational diseases listed in the schedule in sec. 2, to show first that the disability was actually due to such disease, and secondly, that the disease itself was due to the nature of his employment and that it was contracted in such employment. In the instant case those requirements have been met.

The testimony is undisputed that petitioner is disabled by silicosis which was contracted in the employment of stonecutting. It is also undisputed that he is disabled by that disease from doing any further work as a stonecutter. Whether he is totally disabled by that fact alone must be determined by a consideration of the evidence in the light of this proviso of sec. 3: "provided, however, that if it shall

be determined that such employee is able to earn wages at another occupation which shall be neither unhealthy nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity." Here there is a conflict in the evidence as to whether petitioner can do some light work of that nature. The medical opinion is unanimous that he can. The petitioner testified that in his present condition he cannot. The resolution of this conflict was for the commission. They have resolved it in favor of petitioner. Whether the evidence upon which they relied was weak compared with the medical testimony to the contrary is a matter with which this court can do nothing in workmen's compensation cases.

The next question under respondent's first contention is whether petitioner met the requirements of sec. 10. That section requires an injured employee, if so requested, to "furnish the last employer or the director of labor or the workmen's compensation commission with such information as to the names and addresses of all his other employers during the said twenty-four months, as he * * * may possess * * *." It is admitted that petitioner furnished such information but respondent argues that it did not meet the following further provision of the section, namely: "and if such information * * * is not sufficient to enable such last employer to take proceedings against a prior employer under section eight of this article, unless it be established that the occupational disease actually was contracted while the employee was in his employment, such last employer shall not be liable to pay compensation * * *."

The respondent points out that petitioner's next prior employer for thirteen years, Cumberland Monumental Works, was not under the workmen's compensation act and therefore could not be proceeded against under art. VIII, sec. 8, of that act. On this account it claims the information

was not sufficient within the meaning of sec. 10 and therefore it is not liable, since it is undisputed that the disease was not contracted by petitioner while he was in its employ.

We do not think this is a correct interpretation of sec. 10. That section merely requires the employee to furnish sufficient information to enable the last employer to take proceedings against a prior employer. It says nothing about the responsibility or liability of such prior employer under the workmen's compensation act being a condition precedent to the employee's right under sec. 8 to recover from the last employer. If the legislature intended such a result they could very easily have said so and it seems to us they would not have employed the dubious phraseology of sec. 10 to convey such a positive intention. We think they intended to require the employee to make a full disclosure of his previous employers so that the last employer could take against them whatever action might be available to it. For a comparable construction of a similar provision in the workmen's compensation act for Scotland, see *Archibald Russell, Ltd.* v. *Docherty*, 55 S.L.R. 140, 11 B.W.C.C. 311.

Under its second contention respondent claims that petitioner's admitted failure to give formal notice of his disablement within ninety days thereof, as required by art. VIII, sec. 9, defeats his right to any award. On the facts in evidence here we do not think such failure was fatal. The evidence shows that through its agent, Mr. Caron, the respondent had actual knowledge of petitioner's illness and from such evidence the commissioner could have reasonably inferred that Caron knew the nature of the disease. In the circumstances we think it was within the province of the commission to find that want of formal notice was not a bar to the prosecution of the petition. While the commission did not make an express finding on this point, we assume that they must have considered it and resolved the issue in favor of petitioner; otherwise they would not have entertained the case. While it would have been more appropriate

to have expressly found on the facts before them that petitioner's failure to file formal notice was not a bar, their omission is not to be deemed a fatal error. This court has been uniformly liberal in upholding the lower tribunal's findings on matters of notice in workmen's compensation cases and we apprehend no sound reason for departing from such liberality in this instance.

The respondent's third contention is that the award is arbitrary and unconstitutional in that it amounts to depriving it of its property because of a disease which was contracted by petitioner in the employ of another employer against whom it has no recourse. In other words, this contention is based on the premise that sec. 10 should not be construed as we have hereinabove construed it, but if it is so construed and applied then it is unconstitutional as violative of the fourteenth amendment to the federal constitution and article I, sec. 2, of the constitution of this state.

Neither of those specific points of constitutional law were included in the reasons of appeal filed in support of the claim of appeal to the full commission. Consequently the commission did not pass upon those questions. It seems to be the clear purpose of the appeal provisions of art. III, secs. 3 (g) and 4, of the workmen's compensation act that all questions of law and equity arising in a case thereunder shall be heard on appeal by the full commission; that any such questions shall be raised by specific reasons of appeal; and that unless such questions are so raised for the determination of the full commission they shall not be heard for the first time in this court. We so held in *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181. No sound reason has been presented here that would justify us in departing therefrom on a question of constitutionality of the statute. The respondent's third contention is, therefore, not entitled to consideration on the record before us.

The fourth contention advanced by respondent is that there is no legal evidence to support the award of total dis-

ability compensation. It bases this contention on the ground that the medical witnesses for both parties testified that petitioner could do some light work and therefore he was only partially disabled. This overlooks the fact that petitioner himself testified that in his present condition he could not do any work at all. His testimony, however weak it may seem to us, created a conflict on this question. The single commissioner, who had the benefit of seeing the witness as he testified and thus in some degree had an opportunity of noting his condition, apparently concluded that he was not quite as able as the doctors thought he was. That conclusion has been approved by the full commission. As the sole triers of the facts, by virtue of the mandate of the statute, they have the final word in this matter and their decision cannot be disturbed by this court. The respondent's fourth contention is, therefore, without merit.

The respondent's fifth contention is that the award is contrary to art. VIII because the dust at petitioner's last place of employment was not shown to contain free silica of respirable size to constitute a hazard of his employment. It argues that such evidence is necessary to prove disablement by silicosis and he relies therefor on *Beretta* v. *Durastone Co.*, 80 R. I. 12. There are two answers to this contention. In the first place the petitioner here did not have to prove that he contracted silicosis in the respondent's employ as was necessary in the cited case. The evidence indisputably showed that he already had the disease when he went to work for respondent. The commission held it got worse there so as to disable him. It was not necessary that the dust in the shop should be free silica of respirable size to prove that fact.

In the second place the petitioner in the *Beretta* case was not engaged in stonecutting as was petitioner here. Beretta was engaged in removing a coating of sand from stone and we said it was necessary for him to show whether the air dust produced by that particular work, not when some other

employee was cutting stone itself, contained sufficient free silica of respirable size to constitute a hazard of his employment. That case was sent back to determine the question whether there was enough such free silica in the air while the sand coating was being removed to cause Beretta's disablement. In the case at bar where petitioner worked exclusively at stonecutting under conditions fully described by several witnesses it would seem that there could be no question similar to the one that arose in the *Beretta* case. In any event we are of the opinion that there was no error in making the award without such evidence.

The sixth and final contention is that the award is contrary to art. VIII, sec. 8, and art. IX, sec. 1 (b), of the workmen's compensation act, because the evidence shows that the petitioner was only a casual employee. Even if he was such an employee, we are of the opinion that petitioner is entitled to recover unless his employment also was not for the purpose of the employer's business. *Johnson* v. *Lanifero*, 73 R. I. 238. On the evidence in the present record there can be no question that the petitioner was employed within the respondent's business and subject in every way to its direction and control.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Guy E. Gallone,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.