JOHN F. NORTHROP *vs.* UNCAS MANUFACTURING COMPANY.

AUGUST 2, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an original petition under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. A single member of the workmen's compensation commission entered a decree denying and dismissing it on the ground that the petitioner did not sustain a personal injury as alleged in his petition. Thereafter on appeal such decree was affirmed by a decree of the full commission. The cause is here on the petitioner's appeal from that decree.

He has filed seventeen reasons of appeal. However, he has not specifically briefed any particular reason. His brief consists of nothing more than a summary of the evidence accompanied here and there by comments on the superior character of his evidence and the lack of probative force in the respondent's evidence. Such a brief is of no benefit to us in ascertaining the reasons of appeal which are being pressed or the specific contentions which are advanced in support of each reason. Moreover, it fails to comply with Rule 15 of the Rules of Practice of the Supreme Court.

However, as far as we have been able to discern from his brief, it appears that petitioner is contending, first, that the decree is contrary to the weight of the evidence, and secondly, that it is without competent medical evidence to support it. We cannot consider the first point as it is now settled that this court is not authorized to weigh the evidence on appeals from the workmen's compensation commission. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181.

The second point purports to raise a question of law. It is based on the claim that there is no legal evidence upon which the decree can be supported. In this connection the

petitioner argues that the only competent medical evidence as to whether his condition was causally related to the particular injury alleged in the petition is in his favor.

It appears from the evidence that on August 25, 1954, while petitioner was working as a stone setter in respondent's shop he felt a sharp pain in his mouth and tasted blood. He did not know what caused it but *assumed* a piece of brass or chipped stone had gotten into his mouth. He attributed this to the use in his work of a so-called pick-up stick to pick up chips of stone and other materials. It was customary practice to wet the stick for such purpose by putting it in his mouth. After he felt the pain he rinsed his mouth but found nothing there. He kept working until September 10, 1954 when he went to a dentist, Dr. Tirnec, for a swelling around his gum. The dentist gave him temporary relief and the swelling went down. Later it festered and he consulted Dr. E. Franklin Stone, a medical practitioner.

Doctor Stone testified that petitioner came to him on September 23, 1954 and told him he had a gumboil. He further testified that it was an infection at the root of a tooth and that he saw him again on October 4, 1954, and then he sent him to the nose and throat outpatient department of St. Joseph's Hospital. He also testified that petitioner told him about the use of the pick-up stick in his work, but he did not say that he had cut his mouth. The doctor further stated he did not think the infection was a workmen's compensation case.

The petitioner thereupon consulted Dr. Samuel Gorfine, a practising dentist since 1928, who examined him and later extracted three front teeth. After the wound closed he started to experience pain again. The doctor told him there was pus in the immediate area and he would have to expect surgery to get relief. He was told about the use by petitioner of the pick-up stick and he expressed the opinion that petitioner evidently suffered an infection from it. He testified

that it was possible to have an infection from a slight abrasion, cut, or pinprick. He also testified that further examination at the hospital showed petitioner's condition to be osteomyelitis and that it could come from a punctured wound or abrasion.

Doctor Charles L. Farrell examined petitioner and testified for respondent. He is a doctor of dental surgery and also a doctor of medicine. He taught at Tufts Dental School until about 1922. He received his medical degree in 1923 and thereafter practised general medicine and surgery. He was asked whether osteomyelitis would develop if petitioner pricked his mouth with the "pick-up stick" as he had asserted. The doctor replied that such a result was inconceivable. As the basis for his opinion he stated that trauma rarely caused osteomyelitis and that the most likely cause in the case of the particular incident here was the extraction of infected teeth. He added that the X rays of petitioner's teeth demonstrated there was infection at the apices of these teeth which could easily have caused osteomyelitis, particularly coupled with the trauma of extraction. He buttressed his opinion by a further extensive explanation of the medical reasons why it was wholly unlikely that there was any causal connection between the alleged incident of August 25, 1954 and the disabling condition of osteomyelitis.

Here was a clear conflict of expert opinion on this important issue of causal connection. The petitioner argues that Dr. Gorfine's testimony is the only credible, competent opinion on the point. He bases that contention on the flat assertion that Dr. Farrell's testimony should be disregarded. Although he did not object to the doctor testifying as an expert on the ground of incompetency, he argues that the doctor has not practised dentistry for the past twenty-five years and therefore he lacked the competence in that field of Dr. Gorfine, who has been actively engaged in it for many years and in addition actually treated petitioner, which Dr. Farrell did not.

The sum and substance of petitioner's argument appears to be that Dr. Farrell's testimony is incompetent by comparison with Dr. Gorfine's and, therefore, should not be considered as credible expert evidence. In essence this argument goes merely to the weight rather than to the competency of Dr. Farrell's testimony. Whether it was entitled to any weight as compared to Dr. Gorfine's testimony was for the commission to determine. By the express mandate of the workmen's compensation act they are made the final triers of the facts. In the exercise of that function they apparently accepted and relied upon Dr. Farrell's opinion that there was no conceivable causal connection between the petitioner's disabling osteomyelitis and the alleged incident of August 25, 1954. Since what happened to the petitioner on that date was not in itself a compensable injury, the commission quite properly found that he did not at that time sustain a personal injury arising out of and in the course of his employment, connected therewith and referable thereto. That decision was therefore based upon the commission's determination of the credibility and weight of the evidence, and hence this court is powerless to disturb it.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Isidore Kirshenbaum,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.