JOSLIN ET AL. *v.* KETCHAM, ADMR. ETC.

[No. 19,125. Filed October 9, 1959. Rehearing denied January 11, 1960. Transfer denied February 24, 1960. Petition to reconsider denied March 22, 1960.]

*J. A. Bruggeman,* of Fort Wayne, and *Porter D. Crowell,* of Kendallville, for appellants.

*George L. Rulison, John C. Hagen, Albert J. Kuster,* all of Ligonier, *Vernon, Hartzog, Barker & Hepler,* of Goshen, and *F. LeRoy Wiltrout,* of Elkhart, for appellee.

MYERS, P. J.—This action was commenced by appellee as Administrator of the Estate of Fernie Swinehart Malle, Deceased, against the appellants and other persons, to set aside a conveyance of real estate made by the decedent during her lifetime to appellants, on the ground that the conveyance was made to defraud creditors.

Appellee filed a complaint in four paragraphs, to which appellants demurred. The demurrers were overruled. Answers in ten paragraphs were filed, one of which specially pleaded the statute of limitations as a defense. A cross-complaint was filed by persons who were parties below, but who are not parties to this appeal.

The cause was submitted to the court without the intervention of a jury. Special findings of facts were made by the court, together with conclusions of law, and a judgment was entered in favor of appellee. A motion for new trial was filed and overruled. This appeal followed.

The question presented to this court is whether appellants have sufficiently complied with Rule 2-17 of the Supreme Court in the preparation of their brief. Rule 2-17 provides in part as follows:

> "The brief of appellant shall contain short and clear statements disclosing:
> "(a) . . .
> "(b) . . .
> "(c) . . .
> "(d) A concise statement of so much of the record as fully presents every error and objection

relied upon, referring to the pages and lines of the transcript. . . .

"(e)  The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, . . ."

In appellants' brief, under the heading "Concise Statement of Record," appellants take the position that the only material portion of the record in the appeal is the special findings of facts by the court and the conclusions of law thereon. There were thirty such findings of facts and six conclusions of law. The only record presented by appellants in their brief consists of a verbatim presentation of the findings of facts, the conclusions of law and the judgment. The complaint, demurrers, answers, cross-complaint, motion for new trial, or any other pleadings, are not set forth in full or in substance. Appellants make only a general statement that such were filed. There is no condensed recital of the evidence in narrative form.

Appellants preface their "Concise Statement of Record" in their brief by stating that the only assigned errors upon which they rely are the action of the court in overruling the demurrer to the second paragraph of the complaint and error in the various conclusions of law. Since neither the second paragraph of the complaint nor the demurrer addressed thereto is set forth in the brief, this cannot present any question before this court. *Kelly* v. *Rihm* (1952), 122 Ind. App. 524, 105 N. E. 2d 181.

In the section of their brief entitled "Argument," appellants state:

"The principal error assigned and urged on this appeal is that the court erred in each of its conclusions of law."

Then appellants attempt to argue that the statute of limitations bars a recovery. This paragraph in the brief reads as follows:

"On the facts found the court erred in its conclusions of law, particularly conclusion No. 1, (Assignment of Error No. 8) in failing to decide that Appellee's cause of action was barred by the following statute:

" 'The following actions shall be commenced within six (6) years after the cause of action has accrued and not afterward:

" 'Fourth. For relief against frauds.' Acts 1881 (Spec. Sess.) Ch. 38, Sec. 37, p. 240, Burns' Ind. Stat. 1933 Sec. 2-601."

This is the only place in the entire brief which indicates an assignment of error. Appellants do not set forth in the brief the assignment of errors on which they rely or the substance thereof, nor is any reference made to the pages of the transcript where the assignments of error may be found. In their reply brief, appellants make the following statement:

"Rule 2-17 does not require us to encumber a brief with pages of junk."

We admit that many briefs presented to us are cluttered with nonessential and irrelevant parts of the record. However, we are not of the opinion that the essential pleadings, motions and assignments of error, required by Rule 2-17 to be set forth in the briefs, can be considered as "junk." It must be

remembered that the purpose of an appellant's brief is to permit each Judge of this Court to intelligently consider the questions presented from the brief alone. *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166. There are now eight Judges in banc, and four Judges to each Division, sitting in this Court. There is only one transcript of the record. Thus, all but one of the Judges must rely on appellant's brief in order to properly understand the case. *Board of Medical Registration & Exam.* v. *Bowman* (1958), 238 Ind. 532, 150 N. E. 2d 883.

Without searching the record, we are unable to determine whether the section of the statute of limitations set forth in appellants' Argument was pleaded in their answer. There is no statement in the brief that this was done. Except for a parenthesis in a paragraph under Argument, pertaining to Assignment of Error No. 8, we do not know what such assignment sets forth in general, or in particular, concerning the conclusions of law or any one of them. It is not up to this court to speculate or guess from appellants' brief as to what the appellants pleaded in the court below, or as to what their assignments of error are up here. It has been held many times that where the appellant's brief does not set forth a concise statement of the record or the assignment of errors, this court cannot determine whether the appellant has properly presented a question, without searching the record. *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 305; *Milburn* v. *Waggoner* (1932), 94 Ind. App. 247, 180 N. E. 606; *Howard* v. *Palmer* (1932), 94 Ind. App. 80, 179 N. E. 732; *Board of Medical Registration & Exam.* v. *Bowman, supra.*

Where there is a failure by an appellant to comply with the rules as to briefs, and the briefs do not show

a good-faith effort to comply with such rules, the judgment below will be affirmed. *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332, 108 N. E. 2d 889, 112 N. E. 2d 751.

The request for oral argument is denied and the judgment is affirmed.

Ax, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 445.