HENRY C. BUTLER *vs.* DRAKE BAKERIES, INCORPORATED.

OCTOBER 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an employee's petition brought under the provisions of general laws 1956, §28-35-45, for review of a decree entered on July 24, 1959 wherein the workmen's compensation commission denied the employee's petition for compensation. The case was heard by a trial commissioner, who entered a decree wherein he found that as of August 25, 1959 the petitioner's "incapacity for work returned in part on account of the effects of such back injury * * *" and that the petitioner was unable to perform his prior work but was able to do certain light work at wages of not less than $40 weekly. This decree was affirmed by a decree of the full commission entered May 9, 1960. The case is before this court on the employer's appeal from that decree.

It is not disputed that petitioner had been in the employ of respondent for well over thirty years and that in December 1957 he was performing the duties of an ovenman, which included supplying uncooked bakery products to a mechanical oven, preparing utensils for use in baking processes, and some cleaning around the oven. Neither is it

disputed that on December 27, 1957 petitioner injured his back while moving some equipment that was used to supply uncooked bakery products to the oven. The petitioner testified without substantial contradiction that he continued thereafter to work as an ovenman until November 22, 1958, at which time respondent suspended baking operations at its Providence plant. The petitioner was retained in its employ and assigned to duty as a watchman, being required also to do some general cleaning about the plant. He further testified that the condition of his back became worse until on February 8, 1959 he was unable to do any of the work assigned to him and stopped working.

Thereafter petitioner filed an original petition for compensation on a date not revealed in the record. As a consequence thereof the commission on July 24, 1959 entered a decree which contained findings that petitioner had sustained a back injury on December 27, 1957 in the course of his employment with respondent; that "the petitioner sustained no loss of earning capacity as a result of the injury sustained on December 27, 1957"; and that "any incapacity which the petitioner may now have is not due to the injury sustained on December 27, 1957." In the instant petition to review that decree the full commission on May 9, 1960 affirmed the decree of the trial commissioner which contained the finding that "Petitioner has shown by a fair preponderance of the testimony that on August 25, 1959 his incapacity for work returned in part on account of the effects of such back injury * * *" and that petitioner could perform light work.

The respondent's contention, as we understand it, is that when, after a hearing on the petition for compensation of an employee who has sustained an injury within the purview of the act, it is found that any incapacity shown to then exist was not causally connected with the injury, such finding is res judicata of that question thereafter in the absence of a showing that the employee's disability has

changed in nature or extent. The respondent then concludes that, there being no legal evidence in the instant record probative of a change for the worse in petitioner's disability, it was error for the commission to find him compensably incapacitated as of August 25, 1959. The answer that is dispositive of respondent's contention, in our opinion, is that there is evidence in this record sufficient to support the pertinent finding and that under our well-settled rule that finding, in the absence of fraud, is binding and conclusive upon this court. *Enos* v. *Abrasive Machine Tool Co.,* 84 R. I. 454.

An examination of the transcript reveals conflicting testimony on the question whether petitioner's back condition worsened after July 24, 1959. Doctor Henry B. Fletcher, testifying in behalf of respondent, stated that upon an examination made in September 1959 he found that petitioner's condition had substantially improved since a prior examination made in March of that year. The testimony of petitioner's medical witness, Dr. Stanley D. Simon, was inconclusive, but the testimony of petitioner himself was clear and explicit on the question. He testified that he had told Dr. William V. Hindle, who had been treating him in the early months of 1959, that "my condition was getting worse * * *" and that the doctor told him that he had a condition that he would have to live with. He then testified, in substance, that because Dr. Hindle was not helping him he consulted Dr. Simon on August 25, 1959. He further testified without substantial contradiction that between July 24, 1959 and August 25, 1959 the condition of his back had been getting progressively worse.

There is then a conflict in the evidence as to whether the petitioner's back condition had worsened after July 24, 1959. From some of the testimony of the medical witnesses it could be reasonably inferred that the petitioner's back condition improved after that date, but his own testimony was that it had worsened. The commission resolved this

conflict in the petitioner's favor, and it is well settled that in such circumstances this court will not weigh the evidence upon which the commission based its decision. If such decision is supported by any legal evidence, it will not be disturbed. *Northrop* v. *Uncas Mfg. Co.,* 84 R. I. 418. Whether the evidence that supports the decision appears to be weak when compared with that tending to prove the contrary is a matter with which this court does not concern itself. *Leva* v. *Caron Granite Co.,* 84 R. I. 360.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Stephen F. Mullen,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.