71 N.J. Super. 37 (1961)
176 A.2d 300
ANNA BROOKS AND HOMER BROOKS, PLAINTIFFS-RESPONDENTS,
v.
DEE REALTY CO., INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Order Entered December 6, 1961.
*38 Before Judges CONFORD, FREUND and LABRECQUE.
Messrs. Lamb, Langan & Blake, attorneys for defendant-appellant (Mr. H. Curtis Meanor, Mr. Thomas T. Chappel, of counsel).
Mr. Francis Sorin, attorney for plaintiffs-respondents.
PER CURIAM.
This appeal has been set down to be heard by the court December 4, 1961. The question involved is whether the superintendent of an apartment house, whose principal compensation consisted of the use and occupancy of an apartment by herself and her husband, has a common-law tort claim against the landlord-employer for injuries sustained as a result of the fall of a kitchen cabinet in her apartment. The factual contention is that the cabinet fell because of negligence in maintenance of the apartment by the defendant, particularly delay in repairing a water leak which soaked the walls of plaintiffs' apartment and allegedly weakened the cabinet supports. The defense is that the claim is exclusively remediable in a workmen's compensation proceeding. Plaintiffs recovered a $5,000 judgment below.
This case involves an important and fairly novel question of workmen's compensation law. The issues have been thoroughly briefed by the defendant-appellant. The plaintiffs-respondents have filed an answering brief which contains a half-page counter-statement of facts and a three-page argument under three separate point headings. We *39 find the plaintiffs' brief to be completely inadequate. There is almost total default in statement and analysis of the facts and law involved. Mere paucity of case authority directly in point does not excuse plaintiffs' failure to respond to the challenging arguments from principle and case analogy submitted by defendant in its brief. Plaintiffs' brief is herewith suppressed and they are directed to file a proper and adequate brief on or before December 26, 1961. R.R. 1:7-9.
So ordered.