K. ROLAND CLARKE *vs.* EDWARD SULLIVAN *et al.*

NOVEMBER 8, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

512

JOSLIN, J. This case is before us on the plaintiff's exception to the decision of a justice of the superior court sustaining each defendant's plea in abatement.

The plaintiff commenced the proceeding by a writ of summons issued from the superior court, the action being in "trespass for assault and battery, false arrest and imprisonment, and for violation of U. S. Rev. St. 1979, 42 U. S. Code, section 1983." The declaration is in three counts and charges defendants, who were respectively a patrolman, a detective, and a deputy police surgeon, in the first count with having falsely arrested and imprisoned plaintiff; in the second count with having committed an assault and battery upon him; and in the third count with having violated his rights under the act of Congress hereinbefore referred to.

Each defendant filed a plea in abatement claiming that the action as against him should be abated and as grounds therefor stated that plaintiff had improperly joined in a single writ and declaration several causes of action. The plaintiff filed a replication to each plea denying the allegations thereof. At the hearing thereon defendants and plaintiff rested without offering any evidence and the trial justice sustained each defendant's plea in abatement.

The rule at common law as to joinder of actions is set forth in 1 Chitty, Pleading (16 Am. ed.), 291, as follows:

"(s) The result of the authorities is stated to be, that 'when the *same plea* may be pleaded, and the *same judgment* given on all the counts of the declaration; or whenever the *counts* are of the *same nature,* and the *same judgment* is to be given on them all, though the pleas be different, as in the case of debt upon bond and on simple contract, they may be joined.' (t) Perhaps the latter, that is, the *nature* of the causes of action, is the best test or criterion by which to decide as to the joinder of counts."

See also 1 Encycl. Pl. & Pr. 164.

Absent a modifying statute, the forms and principles of common-law pleading and practice prevail in this state. *Seattle Ass'n of Credit Men* v. *Franklin Machine Co.,* 75 R. I. 507. The defendants contend in substance and effect that G. L. 1956, §9-5-12, the origins of which are at least as far back as P. L. 1798, pp. 194, 195, changes the common-law rule. The pertinent portion of that section which requires that a writ of summons be in *substantially* the form there set forth reads as follows:

"We command you to summon                            of
              if to be found in your precinct, to answer the complaint of                            of
on the return-day hereof (said return-day being the        day of              A. D. 19    ) in the Superior Court to be holden at the county courthouse at
              in an action of                  as by declaration to be filed in court will be fully set forth, to the damage of the plaintiff, as he says,                dollars."

The decisions of this court, however, negate the contention that the common-law rule on joinder has been modified by §9-5-12 and its statutory antecedents. In *Bull* v. *Mathews,* 20 R. I. 100, 101, this court held that the common-law rule set forth in Chitty, *supra,* is the "ordinary test for determining whether different causes of action may be joined," and in *Sowter* v. *Seekonk Lace Co.,* 34 R. I. 304,

514

that a plaintiff could join in his declaration as many different causes of action as could be brought under one form of action. See *Shipman* v. *United Electric Rys.*, 70 R. I. 454; *Eastman* v. *Dunn*, 34 R. I. 416; *Sanitary Oyster Carrier & Comm'n Co.* v. *Wm. M. Merwin & Sons Co.*, 34 R. I. 381.

Though we have found no case in this state nor has any been called to our attention where several distinct trespasses were joined in a single action of trespass, that this could be done at common law is abundantly clear for as stated in Stephen, Pleading (9th Am. ed.) 266, "if several distinct trespasses have been committed, these may all form the subject of one declaration in trespass * * *." See also *Coryton* v. *Lithebye*, 2 Saund. 115, footnote 117d, 85 Eng. Rep. 828; *Buckmere's Case*, 8 Coke's Rep. 86a, 87b, 77 Eng. Rep. 607. 1 Am. Jur., Actions, §73, p. 462; 1 Chitty, *supra* at 292. So too, it has been held that in an action of trespass a count in assault and battery may be joined with a count for a statutory violation. *Fairfield* v. *Burt*, 28 Mass. 244.

It is the further contention of defendants that trespass on the case and not trespass lies where an illegal arrest has been made under color of legal process, *Calderone* v. *Kiernan*, 23 R. I. 578, and that therefore their pleas should be sustained. While this may be so, as far as we can ascertain from the pleadings the arrest here was not made in such circumstances as to warrant a conclusion at this stage of the pleadings that trespass is not the appropriate action for the arrest and imprisonment complained of.

Since §9-5-12 does not modify the common law as to joinder, we conclude that in appropriate circumstances in an action of trespass a plaintiff can properly in his declaration set forth several distinct trespasses. In so deciding we do not pass on the question of whether our courts can be availed of for enforcement of rights under the act of Congress herein referred to. That precise question was neither raised by the pleas in abatement nor decided below.

The defendants further contend, moreover, as we understand them, that the spelling out by plaintiff in his writ of the substance of each count in his declaration, to wit, an assault and battery, false arrest and imprisonment, and a statutory violation, necessitates the sustaining of their pleas in abatement since §9-5-12 modified the common law as to the form of the original writ.

At common law the sanction of the king was an essential preliminary to the commencement of suit. The original writ issued out of the chancery in the king's name and was directed to the sheriff who was mandated to command the defendant to satisfy the claim or in the alternative to appear in court and account for his noncompliance. Stephen, *supra* at 5; Perry, Pleading, 144. Such original writs prepared by the clerks of the chancery also contained summaries of the causes of complaints or, as otherwise stated, required that the alleged claims be set forth *in extenso*. 20 Encycl. Pl. & Pr. 1141.

In order to do away with the inconvenience in practice resulting from the multiplicity and variety in the process as used for the commencement of personal actions which inhered in the early English practice and in recognition of the desirability of having uniformity in such process, 2 Will. IV, cap. 39, was enacted in 1832. Thereafter writs in England did not as formerly set out the whole form and cause of action, but were adopted as modes of bringing the defendant into court to be fully informed by the plaintiff's declaration of the nature of the cause of action against him. 1 Chitty, *supra* at 107. By 2 Will. IV, cap. 39, a statutory form of writ of summons was adopted which in form 1 Chitty, *supra* at 869, was substantially similar to that which had been provided for in this state in 1798 and presently is found in §9-5-12.

The problem for us to decide, therefore, is whether §9-5-12 and its forerunners have so modified the form which a writ of summons should take as to make it fatal for plain-

tiff to have added to his writ the words describing the nature of the trespasses allegedly committed on him.

This question was answered in *Slocomb* v. *Powers,* 10 R. I. 255, where pleas in abatement were filed to a writ in which the action was described as an "action of the case for trover, and conversion of certain personal property." There the defendant objected that the plaintiff had not in his writ described sufficiently the wrong complained of and contended that he should in addition have set forth the time and place of conversion, the nature of the property converted, and the plaintiff's property right or his right of possession therein. In *Slocomb,* decided in 1872 when the bar was more observant of the refinements of pleading than it is today, the pleas were overruled, the court stating that "the practice of our oldest lawyers has been to make the description in the writ very general, referring the defendant to the declaration for a *full* description of the claim." (italics supplied)

In *Slocomb* the objection was that the writ did not fully and sufficiently advise the defendant of the nature of the cause of action against him; not as here where defendants object because plaintiff has told them too much. Not only did the court in *Slocomb* say that the plaintiff had not included too much in his writ, but went on to make the gratuitous observation that: "Merely describing it as an action of the case might perhaps not be considered as giving notice enough * * *." The court there clearly held that, despite the legislative adoption of a statutory form of writ, the addition of some matter descriptive of the wrongs alleged to the designation of the form of action on which suit has been brought is not necessarily fatal.

The defendants, however, rely on *Friedman* v. *Arnold,* 73 R. I. 451. There the writ summoned the defendant to appear "in *actions* of trespass on the case *and* trespass on the case for libel and slander," the plaintiff having stricken out the words "an action of" in the printed writ and substituted

therefor the word "actions." The declaration later filed was in two counts, one of which set forth a libel and the other a conspiracy. This court there held that the defendant's plea in abatement should have been sustained.

We do not construe *Friedman* as holding that in no circumstances can there be a joinder of actions or that a plaintiff is in all events prohibited from describing in his writ in limited fashion the nature of his suit. This court in *Friedman* held that the count in conspiracy which appeared in the declaration was "nowhere identified in the writ" and that the process used in the light of the declaration later filed was "misleading." In the case at bar the defendants have been enlightened by the plaintiff's writ rather than misled, and their complaint is that the identification is excessive rather than meagre. *Friedman* is therefore distinguishable and *Slocomb* is controlling here rather than *Friedman*.

The plaintiff's exception to the decision of the trial justice on each defendant's plea in abatement is sustained, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* Assistant City Solicitor, for City of Providence, for defendants Edward Sullivan and Louis Cardinale.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for defendant Albert F. Rocco.