205 A.2d 828.

K. ROLAND CLARKE vs. EDWARD SULLIVAN et al.

DECEMBER 31, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of trespass for assault and battery, false arrest and imprisonment, and for violation of U. S. Rev. Stat. sec. 1979, 42 U.S.C.A. §1983. The case was previously here on the plaintiff's exception to the decision of the superior court sustaining the defendants' pleas in abatement. We sustained the exception and re-

mitted the case to that court for further proceedings. *Clarke* v. *Sullivan*, 96 R. I. 511, 194 A.2d 831. Thereupon the defendants demurred to the declaration. The plaintiff duly excepted to the superior court's decision sustaining the demurrer and has brought the case here by his bill of exceptions.

The plaintiff's declaration is in three counts as follows:

## Count I

"On or about 16 September 1962, the defendants, jointly and severally, arrested and imprisoned the plaintiff for a long period of time, to wit, for ten days on Elmwood Avenue, a public highway in the City of Providence and also a public building within said city and thereafter in Charles V. Chapin Hospital in said city. Aforesaid arrest and imprisonment was contrary to the will of the plaintiff, and was effectuated by the defendants, vi et armis."

## Count II

"On or about 16 September 1962, at approximately 6:30 p.m. and thereafter for a period of ten days the defendants, jointly and severally, vi et armis, assaulted and battered the plaintiff and inflicted injury to his body, all against the will of the plaintiff."

## Count III

"On or about 16 September 1962, at approximately 6:30 p.m. and thereafter for a period of ten days the defendants, jointly and severally, violated a privilege and immunity of the plaintiff viz. the immunity from arrest absent warrant therefor, or absent reasonable ground to believe that he had committed a felony, or reasonable ground to believe that he was committing a misdemeanor in the presence of a peace officer, which said immunity is guarantied [sic] by Article XIV, Section One of the Amendments to the United States Constitution which incorporates Article IV of said amendments, which is applicable to the several states, and also revised statute section 1979, 42 U. S. Code, Section 1983. Wherefore a cause of action has accrued against the aforesaid defendants by reason of the revised statute as set forth supra."

The declaration concludes after count III with an ad damnum of $10,000. There is no other ad damnum in the declaration. The trial justice sustained the demurrer as to each count on the following grounds: the first because it does not allege the imprisonment was unlawful and because the claim of damages is "vague, ambiguous, obscure and indefinite"; the second because it does not appear that the assault and battery was continuous for ten days and because the claim of damages is vague; and the third because of lack of jurisdiction in a state court to entertain an action on the federal statute declared on therein.

In support of his exception to such decision plaintiff contends that the trial justice erred in each instance substantially for the following reasons. As to the first count he argues that any arrest or detention is presumed to be unlawful and that it is incumbent upon the defendants to prove the lawfulness of the restraint exercised by them upon the plaintiff.

As to the second count he contends that the trial justice's error resulted from a confused conception of that count. In reality, he argues, the count is for a trespass with a continuando which is a form of allegation that the trespass committed on a specific day has continued.

As to the third count he contends that the mere fact 42 U.S.C.A. §1983 confers a right to sue in the federal courts does not thereby exclude the right to sue thereon in state courts since they are obliged to guard and enforce all rights secured by the Constitution of the United States and laws passed pursuant thereto.

As to the grounds of vagueness, ambiguousness, obscurity and indefiniteness upon which the trial justice relied for sustaining the demurrer to each count insofar as the allegation of damages is concerned, plaintiff contends that the trial justice misconceived the true nature of the second count in that it was an allegation of a trespass with a con-

tinuando. He also contends that the court erred in holding that the absence of an ad damnum clause at the conclusion of the first and second counts rendered the declaration vague, indefinite and uncertain with reference to whether the ad damnum of $10,000 at the conclusion of the third count was applicable to each prior count as a separate claim for damages, or if not what part thereof was applicable.

We shall consider these contentions in the above order. We see no merit in plaintiff's argument that the trial justice erred in sustaining defendant's demurrer to the first count, being of the opinion that plaintiff has failed therein to state a cause of action for false imprisonment. It is settled in this jurisdiction that an essential element to a cause of action for false imprisonment is an unlawful detention and that where there has been a failure to allege a detention that is unlawful, the declaration is demurrable. In *Mailey* v. *DePasquale's Estate,* 94 R. I. 31, 34, 177 A.2d 376, 379, this court said, in reference to false imprisonment: "The essential element of this tortious action is the restraint of another person without legal justification or without any color of legal authority." The reference of the trial justice to *Hobbs* v. *Ray,* 18 R. I. 84, was, in our opinion, intended to direct attention to the statement of the court in that case that the gravamen of false imprisonment is an illegal detention.

Under the rules of pleading in this jurisdiction a declaration, to escape demurrer, is required to state a cause of action and imposes upon the pleader a greater burden than merely stating a claim upon which relief can be granted. It appears from an examination of the first count that plaintiff has not alleged any facts concerning his detention that make manifest its illegality, nor does he allege any facts establishing that such detention was without probable cause. He alleges only that he was detained and ar-

gues that any arrest or detention is presumptively unlawful until it is justified by the defendant. We are unable to agree with this contention, and, because there are no allegations in the count that show that the detention was unlawful, it is our opinion that defendant's demurrer thereto was properly sustained.

With reference to the second count we are of the opinion that the trial justice did not err in sustaining the demurrer thereto. The plaintiff's contention that his allegation therein is by way of a continuando and is therefore proper pleading is not in our view correct. If such allegation were properly pleaded as a continuando it would be sufficient to withstand demurrer. We have heretofore held that "An offence may be charged to have been committed either on some one particular day, or, if it have continuance, on a series of days, under a *continuando*. A charge in the latter form is usually made by charging the commission on two days, more or less widely separated, the latter generally being designated as the day of the finding of the indictment or of the making of the complaint, and on divers days and times between them." *State* v. *Nagle*, 14 R. I. 331, 333. Tested by that formula the second count clearly fails as a continuando and is therefore subject to the objection raised by the demurrer and sustained by the trial justice.

In our opinion there is no necessity to discuss at length the validity of the third count. The demurrer thereto was, in our opinion, properly sustained not because of the reason therefor relied on by the trial justice but because §1983 of 42 U.S.C.A. is directed only to state action, and the invasion of individuals' rights by other individuals is not within its purview. *Williams* v. *Yellow Cab Co.*, 200 F.2d 302; *Anderson* v. *Moses*, 185 F. Supp. 727.

The trial justice held that the declaration in all its counts was otherwise invalid because only the third count concluded with an ad damnum clause and was thereby ren-

dered vague, ambiguous, obscure and indefinite. Apparently he was of the opinion that each count in order to avoid such defects should conclude with an ad damnum. We do not so understand the applicable law. "A single prayer for relief or an ad damnum clause at the end of the last of several counts ordinarily is deemed sufficient for all preceding counts if the language used is broad enough to include them." 71 C.J.S. Pleading §95e, p. 241. The allegation of damages claimed is no part of the cause of action. *Rubinstein* v. *Lichtenstein*, 137 A.2d 219. With us the practice is for the damages to be laid in the writ and the plaintiff is confined in his recovery to the amount claimed therein regardless of the number of counts in which he sets forth his cause of action in the declaration.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for defendant Albert F. Rocco.

*William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* Assistant City Solicitor, of City of Providence, for defendants Edward Sullivan and Louis Cardinale.