### HAGMAN v. HAGMAN ET AL.

[No. 20,193. Filed January 31, 1966.]

*Douglas, Douglas and Douglas, Murphy and Murphy, David J. Murphy* and *Jerome T. Murphy,* of counsel, of Chicago, for appellant.

*Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellees.

SMITH, P. J.—This is an appeal from an order overruling a motion for a new trial in a divorce proceeding.

The relevant facts are that Leif Hagman, the appellant, was the husband of Robin Hagman, now deceased, and had been residing with her at 3 Pine Trail, Ogden Dunes, Indiana until February 18, 1963, when the appellant left his wife and established residence in Chicago, Illinois.

On March 1, 1963 the wife, Robin Hagman, filed an action in the Porter Circuit Court against the appellant for an absolute divorce. The sheriff's return of the summons reveals that a copy of the summons was left at 3 Pine Trail, Ogden Dunes, Indiana. The record further reveals that the appellant never appeared in the Porter Circuit Court until July 18, 1963, at which time he filed a petition to vacate the divorce decree.

On May 1, 1963 the prosecuting attorney of Porter County filed an answer to Robin Hagman's complaint for divorce. On the same date, May 1, 1963, a decree of the dissolution of the bonds of matrimony and an absolute divorce was ordered and decreed by the court; and, as a part of said judgment and decree, the trial court ordered that a transfer and conveyance of property, both real and personal, be made to the plaintiff, Robin Hagman, said transfer and conveyance to be made through a commissioner appointed by the trial court for such purpose.

On May 5, 1963, four days after the decree was entered, Robin Hagman died. The following day, May 6, 1963, the appellant learned of the death of his wife and the fact that she had divorced him. Thereafter the appellant on July 18, 1963 filed a motion to set aside the decree of divorce; and on August 6, 1963 the appellant filed a petition requesting that Marie Catherine Robbins, the mother of Robin Hagman and the duly appointed executrix of the estate of Robin Hagman, be made a party defendant to the action to set aside and vacate the divorce decree.

On August 16, 1963 a hearing on the motion to vacate the divorce decree was had before the court, at which hearing the only evidence submitted was the testimony of the appellant. His testimony substantially recited that he had no knowledge of the divorce decree until after the death of his wife; that he was not properly and legally served with summons; and finally that he was domiciled in the State of Illinois and not at the 3 Pine Train, Ogden Dunes, Indiana address, where service of process was had.

The appellee offered no evidence; however, the attorneys for the appellee asked leave of the court to present evidence at a later date. The hearing was then continued until September 27, 1963, at which time the appellee offered no evidence. The appellee then moved the court to "direct a verdict" dismissing the petition. The matter was taken under advisement by the court and on December 20, 1963, the court sustained the appellee's motion and denied the petition to set aside the divorce decree and judgment.

The appellant assigned four specifications of error. The appellee thereafter filed with this Court a motion to affirm the judgment below, or in the alternative, to dismiss the appeal, with supporting briefs; and a ruling on said motion was held in abeyance by this Court pending the final determination of the case on the merits. In the answer brief the appellee repeated her motion to affirm or dismiss. The appellee contends the appeal should be dismissed, or in the alternative the judgment below should be affirmed, for the reason that the appellant's brief does not comply with Rule 2-17 of the Indiana Supreme Court. The appellee maintains that the brief is defective in that: it does not contain a statement of the record setting forth the pleadings, court orders and motions filed and entered in the court below; it does not contain a copy of the assignment of errors; it does not contain a recital of the evidence in narrative form with reference to pages and lines of the transcript; it does not contain under the heading

"Argument" a specification of the assigned errors intended to be argued; and finally the appellant's brief is not properly indexed.

In deciding this question we turn to some recent pronouncements by this Court and our Supreme Court on the same subject. In *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. (2d) 305; the Supreme Court said:

"An examination of Appellant's Brief discloses it is not indexed; it does not set out a concise statement of the record or the assignment of errors here. This Court could not determine whether or not Appellant has properly presented a question without searching the record. . . . *While we always prefer to decide cases on their merits we may not do so when the appellant fails to comply with the rules of the Supreme Court.*" (Emphasis supplied)

In *Board of Medical Registration and Examination of Indiana* v. *Bowman* (1958), 238 Ind. 532, 150 N. E. (2d) 883, the Supreme Court again held:

"Appellant's original brief fails to contain a copy of the assignment of errors or any specification thereof.

"In order to present error on appeal it must be specified in the assignment of error, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17 (a). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record which the rules seek to avoid. *When there has been such an omission the judgment will be affirmed.*" (Emphasis supplied)

Finally in *Joslin* v. *Ketcham* (1959), 130 Ind. App. 446, 161 N. E. (2d) 445, this Court ruled on the same question:

"It is not up to this Court to speculate or guess from Appellant's Brief as to what the Appellants pleaded in the Court below or as to what their assignments of error are up here. It has been held many times that when the Appellant's Brief does not set forth a concise statement of the record or the assignment of errors, this Court cannot determine whether the Appellant has properly presented a ques-

tion without searching the record. . . . *Where there is a failure by an Appellant to comply with the rules as to briefs, and the briefs do not show a good faith effort to comply with such rules, the judgment below will be affirmed."* (Emphasis supplied)

After an examination of the appellant's brief it affirmatively appears that the brief does not contain a concise statement of the record, or a copy of the assignment of errors; neither does it contain a recital of the evidence and further it is not properly indexed. While this Court will always endeavor to decide an appeal on the merits there must be substantial compliance with the rules as set forth by the Supreme Court. Such omissions as we have before us constitute a gross disregard for such rules and therefore under Rule 2-17 and the applicable case law no question is presented to this Court, and, for this reason we are required to affirm the judgment of the trial court.

Judgment affirmed.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 723.