235 A.2d 668.

K. ROLAND CLARKE *vs.* EDWARD SULLIVAN *et al.*

DECEMBER 1, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is the third time this case has come to us. When it was last here, *Clarke* v. *Sullivan,* 99 R. I. 96, 205 A.2d 828, we sustained a demurrer to the plaintiff's declaration. Thereafter, a superior court justice both denied the plaintiff's motion for leave to file an amended declaration and granted each defendant's separate motion for entry of judgment on the pleadings. The plaintiff is here on his exceptions to those rulings.

Notwithstanding that plaintiff deems the issues involved to be sufficiently important and novel to have justified the prosecution of three separate appeals to this court, the brief which counsel filed in this appeal consisted of less than 1½ double spaced typewritten pages. It recited the travel of

the case, set out in full the statute permitting the amendment of pleadings (G. L. 1956, §9-6-2), referred to the syllabus of our earlier opinion, and concluded with the request that we reverse for an abuse of discretion. In his oral argument, by his own choice limited to 1 minute, he repeated the substance of what appeared in the brief. Not only did he fail to analyze the legal questions involved, but, in addition, he neither suggested in what manner the amended version of the declaration differed from the demurrable one, nor indicated what attempts were made to cure its deficiencies. These inadequacies in the presentation of plaintiff's contentions are completely at variance with both the letter and spirit of our rule 15 which requires that a brief contain a statement of the points made and the authorities relied on in support thereof, and that the oral argument emphasize and clarify what appears in the brief. The bar of this state, including plaintiff's counsel who is no stranger in our court, has for many years construed our rule as requiring much more than was provided in this case. *Northrop* v. *Uncas Mfg. Co.*, 84 R. I. 418, 419, 124 A.2d 876, 877.

Counsel's defaults deprive us of a basis for an intelligent understanding of either the facts or the legal issues involved. The errors he assigns, moreover, can be ascertained only by a careful scrutiny of the record and by a line-by-line comparison of the two declarations. Those demands upon the members of this court defeat a principal purpose of the brief, which is to permit consideration of the questions in issue from an examination of the brief alone, without the necessity of an independent search of the record. *Jaques* v. *Firestone Tire & Rubber Co.*, 183 Cal. App. 2d 632, 636, 6 Cal. Reptr. 878; *Joslin* v. *Ketcham,* 130 Ind. App. 446, 161 N.E.2d 445; *Dudley Bros. Lumber Co.* v. *Long,* 268 Ala. 565, 109 So.2d 684; *Brooks* v. *Dee Realty Co.,* 71 N. J. Super. 37, 176 A.2d 300.

The plaintiff's counsel has not made either a fair and sin-

cere attempt to show where the trial justice erred or a good faith effort to comply with the requirements of our rule 15. After reading his brief and listening to his argument, we are no more advised as to his contentions than we would have been had he neither briefed nor argued his exceptions. It is as if the case came here solely upon a bill of exceptions, unaccompanied by either brief or argument. Our settled rule is that issues neither briefed nor argued are deemed to be waived.

The plaintiff's exceptions are overruled, the judgment appealed from is sustained, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* of counsel, *William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* Assistant City Solicitor, *Vincent J. Piccirilli,* Assistant City Solicitor, for defendants.