Carol LEMOS

v.

CASTEN VICTOR & COMPANY.

No. 97–317–M.P.

Supreme Court of Rhode Island.

Oct. 30, 1997.

Conrad M. Cutcliffe.

Berndt W. Anderson, Providence.

### ORDER

This matter came before the court on a petition for writ of certiorari filed by the plaintiff Carol Lemos to review a final decree entered by the Appellate Division of the Workers' Compensation Court.

After careful consideration, the petition for writ of certiorari is denied.

Justice Goldberg is of the opinion that the petition for writ of certiorari should be granted and that this court should re-examine its decision in *Vater v. HB Group,* 667 A2d 283 (R.I.1995). *Vater* by implication vacated this court's long-standing holding in *Leva v. Caron Granite Co.,* 84 R.I. 360, 124 A.2d 534 (1956). In *Leva,* this court was called upon to interpret §§ 28–34–8, –10 where the last employer of an employee who sustained an occupational injury or disease was unable "to take proceedings against a prior employer" under § 28–34–8 because that employer "was not under the workmen's compensation act and therefore could not be proceeded against" under § 28–34–10. *Id.* at 367, 124 A.2d at 537. The *Leva* court unequivocally stated that § 28–34–10

> "merely requires the employee to furnish sufficient information to enable the last employer to take proceedings against a prior employer. It says nothing about the responsibility or liability of such prior employer under the workmen's compensation act being a condition precedent to the employee's right under sec. 8 [§ 28–34–8], to recover from the last employer. If the legislature intended such a result they could very easily have said so and it seems to us they would not have employed the dubious phraseology of sec. 10 to convey such a positive intention. We think they intended the employee to make a full disclosure of his previous employers so that the last employer could take against them whatever action might be available to it." *Id.* at 368, 124 A.2d at 538.

Accordingly Justice GOLDBERG would grant the petition for writ of certiorari to consider this question of law.